United States Court of Appeals,

Fifth Circuit.

No. 93-2253

Summary Calendar.

Bill HAM d/b/a Hamstein Music Company, Plaintiff-Appellant,

v.

LA CIENEGA MUSIC COMPANY, et al., Defendants-Appellees.

Oct. 19, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, HIGGINBOTHAM and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

Bill Ham appeals the dismissal for lack of personal jurisdiction of his copyright declaratory judgment action against Bernard Besman and Besman's company, La Cienega Music. We affirm.

*Background*

In 1948 and 1950 Besman and John Lee Hooker wrote a song entitled "Boogie Chillen" and a derivative work entitled "Boogie Chillen No. 2." In 1970, Hooker recorded and released a second derivative with the musical group Canned Heat. Besman registered the three works with the United States Copyright Office and, through La Cienega, holds the copyrights. In 1973 Billy Gibbons, Joe Hill, and Frank Beard—popularly known as the rock band ZZ Top—authored a song entitled "La Grange" and registered it as an unpublished work. That song appeared on ZZ Top's 1973 hit album "Tres Hombres." Ham, doing business as Hamstein Music Company, acquired the rights to "La Grange" in 1973.

On July 8, 1991, Besman wrote Ham claiming that "La Grange" infringed the copyrights on "Boogie Chillen" and its derivatives. Ham denied any infringement and, alternatively, asserted various defenses. After an exchange of conflicting expert musicology reports, on April 27, 1992 Ham filed

the instant declaratory judgment action.[1] Besman moved to dismiss for lack of personal jurisdiction. In support of jurisdiction, Ham pointed to Besman's exploitation of his rights in "Boogie Chillen" nationwide, and the exploitation in Texas through an affiliation agreement with Broadcast Music, Inc. (BMI),[2] the sale of recordings, and the mailing of the 1991 demand letter. Adopting the recommendation of a magistrate judge, the district court granted Besman's motion; Ham timely appealed.

*Analysis*

On appeal Ham faults the district court's personal jurisdiction ruling. Absent any dispute as to the relevant facts, we review such determinations *de novo.*[3] Plaintiffs typically carry the burden of proof on personal jurisdiction by making a *prima facie* showing. The district court usually resolves the jurisdictional issue without conducting a hearing.[4]

A two-step analysis governs the inquiry into personal jurisdiction over nonresident defendants. Absent a controlling federal statute regarding service of process, we first determine whether the long arm statute of the forum state permits exercise of jurisdiction. We then determine whether such exercise comports with due process.[5] Because the Texas Supreme Court has interpreted the Texas long arm provisions[6] as conferring personal jurisdiction over nonresidents

---

[1]On June 10, 1992 Besman filed suit against Ham in federal court in California asserting an identical claim. After denying Ham's motion to transfer that action to Texas, that court dismissed the complaint for failure to state a claim upon which relief could be granted. That ruling is pending appeal before the Ninth Circuit Court of Appeals.

[2]BMI operates as a non-profit performing rights society, obtaining exclusive public performance rights to songs and, in turn, licensing them on a non-exclusive basis to radio stations and other users throughout the United States. Each use of a work from the BMI catalog generates a royalty, which BMI passes on to the copyright owner, net of expenses.

[3]*E.g., Bullion v. Gillespie,* 895 F.2d 213 (5th Cir.1990).

[4]*Irving v. Owens-Corning Fiberglas Corp.,* 864 F.2d 383 (5th Cir.), *cert. denied sub nom. Jugometal Enterprise for Import and Export of Ores and Metals v. Irving,* 493 U.S. 823, 110 S.Ct. 83, 107 L.Ed.2d 49 (1989).

[5]*E.g.,* Fed.R.Civ.P. 4(e), (f); *Aviles v. Kunkle,* 978 F.2d 201 (5th Cir.1992).

[6]Tex.Civ.Prac. & Rem. Code §§ 17.041-045.

whenever consistent with constitutional due process,[7] we need now answer only the latter inquiry. Due process requires that (1) the defendant have established "minimum contacts" with the forum state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice."[8]

A defendant has the minimum contacts required by due process where his purposeful activities directed at the forum state have invoked the benefits of that state's laws, so that he reasonably could anticipate being hauled into court there.[9] Purposeful forum-directed activity—even if only a single substantial act—may permit the exercise of specific jurisdiction in an action arising from or related to such acts.[10] Ham relies heavily on our cases recognizing that placement of products into the stream of commerce may satisfy the minimum contacts prong of the due process analysis.[11] We find those cases distinguishable from the case at bar.

Clearly, through his affiliation agreement with BMI and distribution of recordings, Besman and La Cienega sought to exploit "Boogie Chillen" and its derivatives on the broadest possible geographical basis. Ham presented evidence that these efforts have borne fruit in Texas. Besman's

---

[7]*E.g., Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990); *see also, e.g., Command-Aire Corp. v. Ontario Mechanical Sales & Serv., Inc.,* 963 F.2d 90 (5th Cir.1992).

[8]*Asahi Metal Indus. v. Superior Court,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Command-Aire.*

[9]*E.g., Burger King; World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Command-Aire.*

[10]*Burger King; Dalton v. R & W Marine, Inc.,* 897 F.2d 1359 (5th Cir.1990). Continuous and systematic contacts by a defendant with the forum state will support personal jurisdiction even in an action not arising out of those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (*citing Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952)); *Bearry v. Beech Aircraft Corp.,* 818 F.2d 390 (5th Cir.1987). Ham does not suggest that the district court could exercise such general jurisdiction over Besman and La Cienega.

[11]*E.g., Irving; Bean Dredging Corp. v. Dredge Technology Corp.,* 744 F.2d 1081 (5th Cir.1984); *Oswalt v. Scripto, Inc.,* 616 F.2d 191 (5th Cir.1980). In *Asahi,* four justices suggested that, without additional forum-directed conduct, the sweep of a defendant's product into a state by the stream of commerce could not alone constitute minimum contacts sufficient to support personal jurisdiction there. *Asahi,* 480 U.S. at 108-12, 107 S.Ct. at 1030-32 (O'Connor, J.) (plurality opinion). Absent rejection by a majority on the Supreme Court, we have continued to apply the stream of commerce analysis found in our pre-*Asahi* cases. *Irving.*

activities connect him to Texas within the meaning of our stream of commerce cases.[12]  Ham, however, has demonstrated at best a highly attenuated relationship between the subject matter of the instant declaratory judgment action and distribution of music in Texas by Besman and La Cienega. Ham alleges no injury flowing from that distribution.  Rather, resolution of this action depends solely upon whether "La Grange" infringed copyrights owned by Besman and La Cienega.  Exploitation of the "Boogie Chillen" copyrights by the defendants in no way relates to the merits of that question.[13] Likewise, Besman's July 8 letter, although it forms the basis for Ham's allegations about the existence of a live controversy, in no way relates to the merits of the copyright question and thus does not support personal jurisdiction in Texas.[14]  We conclude that the instant action does not arise from contacts of Besman and La Cienega with Texas.  Exercise of personal jurisdiction over them in the instant action would thus offend due process.[15]

The judgment of the district court is AFFIRMED.

---

[12]*Compare Bean* (finding defendant amenable to suit in Louisiana where it manufactured castings in Washington and sold them as component parts to California concern which, in turn, sold its finished product to Louisiana manufacturer of dredging equipment which injured plaintiff; defendant did not (1) know purpose for which California company would use castings or that they would end up in Louisiana, (2) solicit work in Louisiana, (3) negotiate with Louisiana personnel in Washington, or (4) own property in Louisiana).

[13]We might reach a different result in an action asserting "Boogie Chillen" as infringing the copyright on another work.

[14]*See Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773 (5th Cir.1986), *cert. denied,* 481 U.S. 1015, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987) (communication by defendant with plaintiff in forum state in course of contract negotiation and performance motivated by fortuity of plaintiff's location there does not support exercise of specific jurisdiction);  *Cascade Corp. v. Hiab-Foco AB,* 619 F.2d 36 (9th Cir.1980) (defendant did not, by sending demand letters alleging patent infringement to defendant in forum state, submit to personal jurisdiction there in declaratory judgment action).

[15]*J. Stephen Scherer, Inc. v. Ltee,* 845 F.2d 1033 (Fed.Cir.1988) (unpublished opinion, text in WESTLAW);  *Publications Int'l, Ltd. v. Simon & Schuster, Inc.,* 763 F.Supp. 309 (N.D.Ill.1991). In view of our resolution of the minimum contacts question, we need not determine whether exercise of personal jurisdiction here would comport with notions of fair play and substantial justice.