Carlos **PATERNOSTRO** and Debbie **Paternostro, Plaintiffs,**

v.

**DOW FURNACE COMPANY, Defendant.**

**Civ. A. No. 3:91–cv–463WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

March 18, 1994.

Wayne E. Ferrell, Jr., Ferrell & Hubbard, Jackson, MS, for plaintiffs.

Richard P. Salloum, Franke, Rainey & Salloum, Gulfport, MS, for intervenors-plaintiffs Baker Cac, Inc., Constitution State Service Co.

Douglas R. Duke, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, MS, for defendant.

## ORDER

WINGATE, District Judge.

Before the court is the motion of defendant Dow Furnace Company (hereinafter "Dow") asking the court to reconsider Dow's motion to dismiss for lack of *in personam* jurisdiction pursuant to Rule 12(b)(2),[1] Federal Rules of Civil Procedure. Plaintiffs oppose the motion. Having examined the motion,

the response, the rebuttal, the arguments in memoranda of the parties, affidavits, exhibits, and all other relevant submissions, this court finds that the motion is well taken and should be granted. Accordingly, for the reasons which follow, this court dismisses this action.

## FACTS

This is a product liability action that was removed to this court from the Chancery Court of Hinds County on August 14, 1991. Effectuating removal under 28 U.S.C. § 1441, defendant Dow relied upon diversity of citizenship and an amount-in-controversy in excess of $50,000, 28 U.S.C. § 1332.[2] This action arose out of an accident which occurred on July 14, 1988, wherein plaintiff Carlos Paternostro sustained injuries while on the site of his employer, Baker CAC, Inc., in Belle Chasse, Louisiana. At the time of the alleged injury, plaintiffs were Louisiana residents. However, in 1991 plaintiffs allegedly moved to Mississippi and filed this action.

On the dates of August 20 (Answer) and September 10, 1991 (First Amended Answer), the defendant first raised the defense of lack of jurisdiction over the person. *See* Answer & Defenses at 1; First Am. Answer at 1. Over the course of the next year, this litigation witnessed disputes concerning removal, remand, the intervention of plaintiff's employer, and a proper scheduling order. No meaningful discovery occurred during this year.

On September 22, 1992, the defendant filed a motion to dismiss pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure, on account of plaintiffs' (1) alleged failure to comply with the scheduling order compelling plaintiffs to answer interrogatories and (2) alleged failure to comply with a request for

---

1. Rule 12(b)(2) provides that:
    Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (2) lack of jurisdiction over the person....

2. Title 28 U.S.C. § 1332 provides in pertinent part:

    (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
    (1) citizens of different States; ...

document production by a certain date. In response to the motion, on September 28, 1992, plaintiffs informed the court they had served an answer to Dow's first set of interrogatories.

On the basis of information learned through plaintiffs' answers to interrogatories, on October 23, 1992, the defendant filed a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. In its motion, Dow asserted that none of the facts alleged in the amended complaint could support a prima facie case for any of plaintiffs' proffered theories. The motion also sought summary judgment on the ground that the Louisiana statute of limitations had expired, and that an action barred in another jurisdiction is barred here pursuant to Mississippi's borrowing statute. *See* Miss.Code Ann. § 15–1–65 (1972). Def.Mot.Summ.J. ¶ 3.

Defendant attached to its motion the affidavit of Dow's president, G. Howard Willett, III. In his affidavit, Mr. Willett stated that Dow is not licensed to do and had never done business in Mississippi. In his affidavit, he specifically stated that neither Dow nor its predecessor "has ever sold or serviced any equipment in the State of Mississippi and neither of said companies was ever qualified to do business with the Secretary of State, State of Mississippi." Willett Aff. at 1–2.

In its memorandum brief in support of the summary judgment motion, defendant further argued that the accident which precipitated this lawsuit occurred in Louisiana when plaintiffs were residing there, and that plaintiffs allegedly moved to Mississippi for the purpose of instituting this action because Louisiana's prescriptive period had expired. *See* Mem.Br.Supp.Mot.Summ.J. at 2.

By order of December 3, 1992, this court granted plaintiffs' motion for additional time to respond to the pending motions to dismiss and for summary judgment.

On December 7, 1992, plaintiffs filed their response to defendant's motion for summary judgment, asserting that neither the former nor present version of Miss.Code Ann. § 15–1–65 bars the instant action. Plaintiffs additionally stated in their response that defendant had waived its *in personam* defense.

The court eventually entered a Memorandum Opinion and Order denying Dow's motion for summary judgment. However, the court specifically reserved judgment on the issue of *in personam* jurisdiction because the issue was not briefed. *See* Mem.Op. & Order, No. J91–0463(W), slip op. at 6 (S.D.Miss. Mar. 23, 1993). Five days after the court's ruling on the summary judgment motion, the defendant filed the subject motion. Thereafter, on April 15, 1993, plaintiffs filed their response to the subject motion arguing that by its tardiness defendant has missed its opportunity for filing the motion to dismiss. Plaintiffs alternatively asked the court to allow them to conduct further discovery on the dispute.

In response to the plaintiffs' motion, on September 29, 1993, this court granted plaintiffs additional time to conduct further discovery on the issue of *in personam* jurisdiction and, thereafter, to submit any additional factual points in response to defendant's motion to dismiss.

Plaintiffs have now concluded their discovery on the jurisdictional question and have submitted a supplemental response to Dow's motion for dismissal. In this supplemented response dated December 22, 1993, plaintiffs admit that they have adduced no evidence to show that Dow has had sufficient contacts with Mississippi to confer *in personam* jurisdiction on this court. However, plaintiffs maintain that defendant should be estopped from asserting this defense. Their estoppel argument is anchored in the contention that defendant waived its defense of lack of jurisdiction over the person by failing to consolidate this defense with various previously filed motions, including defendant's motion for summary judgment dated October 23, 1992; defendant's motion to dismiss under Rule 37(b) and co-defendant's motion to dismiss, citing, *inter alia,* Fed.R.Civ.P. 12(g); *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 701 n. 3 (6th Cir.1978); *Zelson v. Thomforde,* 412 F.2d 56 (3rd Cir.1969); *Consolidated Rail Corp. v. Grand Trunk W.R.R. Co.,* 592 F.Supp. 562, 566 (E.D.Pa.1984); *R. Clinton Contr. Co. v. Bryant & Reaves, Inc.,* 442 F.Supp. 838, 848–49 (N.D.Miss.1977). Likewise, plaintiffs argue that the untimely

presentation of the instant motion is barred by the doctrine of laches, citing, *inter alia, Marcial Ucin, S.A. v. S.S. Galicia,* 723 F.2d 994, 997 (1st Cir.1983); *Allen v. Mayer,* 587 So.2d 255, 260 (Miss.1991); *Morgan v. Morgan,* 431 So.2d 1119 (Miss.1983).

Defendant has maintained throughout that it has timely raised the defense of personal jurisdiction. According to defendant, the only party guilty of dilatory tactics is plaintiffs. Defendant avers that any delay in filing the instant motion was caused, not by defendant's failure to consolidate its motions, but by plaintiffs' failure to comply with the scheduling order to provide defendant with the information necessary to raise the defense of personal jurisdiction.

## DISCUSSION

### A. *Applicable Law*

Generally, two preconditions must exist for this court to assert jurisdiction over a nonresident corporation served out of state: (1) the nonresident corporation must be amenable to service of process under the forum state's long-arm statute; and (2) if the long-arm requirements are met, the assertion of jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment. *Ham v. La Cienega Music Co.,* 4 F.3d 413, 415 (5th Cir.1993); *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.1992) (citing *DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260, 1265 (5th Cir. 1983)). *See also Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 881–84 (5th Cir.1993) (discussing the application of Mississippi's long arm statute).

To determine whether the first precondition is present, the court looks to Mississippi's long-arm statute. The present version of the long-arm statute provides in pertinent part that:

[a]ny nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall be subjected to the jurisdiction of the courts of this state.

Miss.Code Ann. § 13–3–57 (Supp.1993). The present version of the long-arm statute applies to this dispute because the lawsuit was filed after the effective date of the new long-arm statute. *See* Miss.Code Ann. § 13–3–57 sources (Supp.1993) (effective July 1, 1991).

Plaintiffs here have had every opportunity to discover and present facts relevant to the interrogatory before the court. This court even gave plaintiffs additional time for discovery on the issue of Dow's contacts with Mississippi. Even so, plaintiffs have been unable to adduce any evidence of such contacts. Plaintiffs offer the court only the unsupported allegations of the amended complaint to suggest a basis for this court to assert jurisdiction over this dispute. In their amended complaint, plaintiffs allege that Dow entered into contracts with Mississippi residents that were to be performed in whole or in part within Mississippi; that Dow committed torts in whole or in part within Mississippi; and that Dow's manufacturing, marketing, advertising, assembly, maintenance and sale of the product involved, allegedly caused plaintiff Carlos Paternostro's injuries within Mississippi.

■ These bald allegations without more are insufficient to overcome a Rule 12(b)(2) motion. When personal jurisdiction is challenged, plaintiffs must carry their burden of proof on the issue of personal jurisdiction by making a prima facie case. *Ham,* 4 F.3d at 415; *Zakaria v. Safani,* 741 F.Supp. 1263, 1267 (S.D.Miss.1990). If plaintiffs do not shoulder their burden of proof on this most perfunctory matter, the court is without jurisdiction to adjudicate the case.

■ The only evidence this court has on the issue of personal jurisdiction is the affidavit of Dow's president which makes clear that there exists no basis to assert jurisdiction over this defendant. Accordingly, the

court finds that plaintiffs have failed to carry their burden on this point.

■ Given that the first prerequisite of personal jurisdiction is absent, this court need not reach the second prerequisite, that is, whether asserting jurisdiction over this defendant would comport with the Due Process Clause of the Fourteenth Amendment. The second prerequisite of personal jurisdiction is contingent upon the first. Nonetheless, as an alternative basis for its holding, the court finds that assertion of jurisdiction over this defendant would not comport with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). *See also Burger King v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (finding that for specific jurisdiction, the defendant must have purposefully directed his activities at the resident of the forum, and that the litigation must arise from the defendant's directed activities in the forum state); *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (holding that defendant's activities in the forum state must be of a nature that the defendant would be expected to haled into court there). The accident in question occurred in Louisiana. The defendant Dow has no contacts with Mississippi. And, there is no proof that this accident arose from any of defendant Dow's activities purposely directed at Mississippi.

## B. *Timeliness of the Rule 12(b)(2) Motion*

■ Satisfied that the court does not have personal jurisdiction over the defendant, this court now considers whether defendant's motion for dismissal was timely filed. The starting point for this analysis is Rule 12 itself.

Rule 12(h)(1) provides that:

[a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Fed.R.Civ.P. 12(h)(1)(A) & (B). While acknowledging that defendant raised its Rule 12(b)(2) defense in its answer and amended answer, plaintiffs make the argument that defendant waived its defense by failing to raise it within its co-defendants'[3] motion to dismiss; by omitting the defense from its own motion to dismiss under Rule 37(b); and then by filing a motion for summary judgment without specifically raising the defense. Plaintiffs say that defendant was required to consolidate its motion for dismissal with other dispositive motions pursuant to the directives of Rule 12(g). *See* Fed.R.Civ.P. 12(g) ("If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted . . .").

The court notes at the outset that various omissions in plaintiffs' complaint and amended complaint required some measure of discovery before defendant could prudently conclude whether it was subject to this court's jurisdiction. For instance, plaintiffs failed to mention in the amended complaint the site of the accident, the location of the machine that allegedly caused his injury, or the name and location of Carlos Paternostro's employer. On the other hand, plaintiffs generally alleged that Dow had committed torts in Mississippi, and that the machine which caused plaintiff's injuries was manufactured in Mississippi. The information that defendant needed to file a Rule 12(b)(2) motion came to light only after plaintiffs answered defendant's interrogatories in late September of 1992.

---

**3.** Plaintiffs originally named as defendants the State of Mississippi and its Attorney General asking that they be enjoined from enforcing several sections of the Mississippi Code which potentially barred this lawsuit. By order dated July 6, 1992, this court dismissed the state defendants as nominal parties to this action.

Thus, the court finds that defendant properly raised the Rule 12(b)(2) objection and timely filed its motion to dismiss. The court had implicitly acknowledged such as early as March 23, 1993, in the court's Memorandum Opinion and Order, wherein the court reserved judgment on the issue of personal jurisdiction. While remarking that the issue had not been briefed, the court did not say that the motion had not been raised. Indeed, defendant Dow had raised the defense in its answer, amended answer, and again, although generally, in its motion for summary judgment on October 23, 1992. Along with its motion for summary judgment, defendant submitted the affidavit of its president, G. Howard Willett, III, and asserted that this state had no contact with the accident and that plaintiffs could not establish a prima facie case.

Further, while Rule 12(g) requires consolidation of motions permitted under Rule 12, Rule 12(g) did not require defendant here to again raise the matter of personal jurisdiction when defendant filed a motion for dismissal on September 22, 1992. Defendant brought this motion for dismissal under Rule 37(b) for failure of plaintiffs to respond to discovery requests. Defendant was then seeking to complete its discovery in the matter.

The defendant filed the appropriate motion with this court soon after discovering the information bearing on the jurisdictional question. Thus, the court finds that defendant is not estopped from raising its Rule 12(b)(2) motion to dismiss, and that the doctrine of laches does not bar this motion. *See Geyen v. Marsh*, 775 F.2d 1303, 1310 (5th Cir.1985) (finding that district court has wide discretion to apply the doctrine of laches); *Armco, Inc. v. Armco Burglar Alarm Co.*, 693 F.2d 1155, 1161 (5th Cir.1982) (holding that the doctrine of laches only applies when there is inexcusable delay in asserting a right or claim and that undue prejudice results).

### CONCLUSION

The court hereby grants defendant Dow's motion to dismiss for lack of jurisdiction over the person. The court finds that the motion is proper and was timely filed.

IT IS, THEREFORE, ORDERED that this cause of action be fully and finally dismissed.

SO ORDERED AND ADJUDGED.