**Jimmy SIMMONS, Plaintiff**

v.

**CATERPILLAR, INC., and Caterpillar Brasil, S.A., Defendants.**

**No. 1:93–CV–0664.**

United States District Court, E.D. Texas, Beaumont Division.

Jan. 4, 1995.

---

Michael Jacobellis, Tonahill Hile Leister & Jacobellis, Beaumont, TX, for plaintiff.

Myall S. Hawkins and William T. Womble, Womble & Spain, Houston, TX, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Defendant Caterpillar Brasil, S.A. ("Caterpillar Brasil") filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(6). Caterpillar maintains that it does not possess the requisite minimum contacts necessary for this court to invoke jurisdiction. Because this court finds that Caterpillar did maintain minimum contacts with the state of Texas, Caterpillar's motion to dismiss for lack of personal jurisdiction is DENIED.

## I. BACKGROUND

Plaintiff Jimmy Simmons filed this action in diversity against Caterpillar, Inc. ("Caterpillar USA") and Caterpillar Brasil for personal injuries he sustained when the seat mechanism of a D–6 Dozer sprung loose. The faulty seat mechanism allegedly caused plaintiff to fall off the dozer and land on the ground. Plaintiff seeks damages under breach of express and implied warranty claims.

The evidence presented by the parties shows that Caterpillar Brasil manufactured this D–6 Dozer and that Milsco Manufacturing allegedly manufactured the seat assembly. Caterpillar Brasil then sold or transferred the dozer to Caterpillar USA.

On or about January 3, 1991, Caterpillar USA sold the dozer to Mustang Tractor and Equipment Company ("Mustang Tractor"). Mustang Tractor owns a leasing company, Mustang Rental Services, Inc. ("Mustang Rental"), that operates as an authorized Caterpillar equipment lessor. J.A. Mills & Son rented the D–6 Dozer in question from Mustang Rental and used the dozer to perform various construction related activities at the Newton County Texas prison site.

## II. ANALYSIS

*Personal Jurisdiction Over Non–Resident Defendants*

■ This court, sitting in diversity, may exercise jurisdiction over non-resident defendants if the application of jurisdiction by a Texas court would meet the due process concerns of the Fourteenth Amendment.[1]

---

**1.** Jurisdiction over a non-resident defendant is normally a two part test that requires (1) that the long arm statute of the forum state confers per-sonal jurisdiction over the defendant; and (2) that the exercise of that jurisdiction is consistent with due process under the Fourteenth Amend-

See *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 418 (5th Cir.1993). The Fourteenth Amendment permits courts invoke jurisdiction over non-resident defendants when "(1) that defendant has established 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Ruston Gas,* 9 F.3d at 418 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

### 1. Minimum Contacts for Specific Jurisdiction

The minimum contacts prong of this jurisdictional test is satisfied when the non-resident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); *Ruston Gas,* 9 F.3d at 419. Purposeful availment may occur by actions or even a single act for which the defendant "'should reasonably anticipate being haled into court' in the forum state." *Id.* (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).

In *Asahi Metals Indus. Co. v. Superior Court,* 480 U.S. 102, 111, 107 S.Ct. 1026, 1031, 94 L.Ed.2d 92 (1987), a plurality of the Supreme Court attempted to alter the *World–Wide Volkswagen* criteria for personal jurisdiction under the stream of commerce theory by requiring "additional conduct" by the defendant in order to invoke jurisdiction. This Circuit expressly refused to adopt this new standard for *in personam* jurisdiction and continues to abide by the definition stated in *World–Wide Volkswagen. See Ruston Gas,* 9 F.3d at 419–421; *Ham v. La Cienega Music Co.,* 4 F.3d 413, 415 (5th Cir.1993);

*Irving v. Owens–Corning Fiberglas Corp.,* 864 F.2d 383, 386 (5th Cir.), *cert. denied sub nom., Jugometals Enters. for Import and Export of Ores and Metals v. Irving,* 493 U.S. 823, 110 S.Ct. 83, 107 L.Ed.2d 49 (1989). The Fifth Circuit maintains that "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Bean Dredging Corp. v. Dredge Technology Corp.,* 744 F.2d 1081, 1085 (5th Cir.1984); *see also Ruston Gas,* 9 F.3d at 419.

■ In the present case, Caterpillar Brasil intentionally placed the dozer into the stream of commerce by presenting the dozer to a shipper for delivery in Texas. In fact, Caterpillar Brasil knew that this tractor was to be delivered to Mustang Tractor in Houston, Texas.[2] Consequently, at the time the tractor left Brazil, Caterpillar Brasil not only could have foreseen that the dozer would be delivered to Texas, but actually knew that it would be delivered to Mustang Tractor in Houston, Texas. The dozer made its way to Texas while still in the stream of commerce. As such, Caterpillar Brasil reasonably should have anticipated being haled into court in Texas.

### 2. Traditional Notions of Fair Play & Substantial Justice

Even if a non-resident defendant meets the minimum contacts prong of the personal jurisdiction test, the exercise of jurisdiction over a non-resident will fail if the application of jurisdiction offends "traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158; *Ruston Gas,* 9 F.3d at 421. The Fifth Circuit denotes five factors for courts to consider when determining this fundamental fairness question: "(1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective re-

---

ment. Fed.R.Civ.P. 4(e), (f); *Ham v. La Cienega Music Co.,* 4 F.3d 413, 415 (5th Cir.1993). However, the Texas Supreme Court simplified this inquiry by tailoring the Texas long arm statute to confer jurisdiction whenever Fourteenth Amendment concerns are satisfied. *See Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990).

2. A "history file" also exists on each machine. This file, if produced, may also have shown any other specifications for the D–6 Dozer requested by Mustang Tractor.

lief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies." *Ruston Gas,* 9 F.3d at 421; *see also World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564.

In the present case, the individual plaintiff, Jimmy Simmons, has a strong interest in adjudicating this claim in Texas. Texas also has a strong interest in suits that involve the sale of allegedly defective goods to consumers in the state. Caterpillar Brasil's burden to defend this case in Texas is not unreasonable. "It is not unfair or unjust to require the manufacturer of a good that is knowingly delivered to a specific state to respond to a lawsuit arising out of defects in the good in that state." *Ruston Gas,* 9 F.3d at 421. For these reasons, this court finds that the due process prong of the test for personal jurisdiction of a non-resident defendant is satisfied.

## III. CONCLUSION

For the foregoing reasons, this court holds that Caterpillar Brasil had sufficient minimum contacts with Texas and the exercise of jurisdiction over Caterpillar Brasil does not offend traditional notions of fair play and substantial justice. Therefore, this court DENIES defendant's motion to dismiss for lack of personal jurisdiction.