# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No.95-20195
Summary Calendar

MAREX, INC.,

Plaintiff-Appellant,

versus

COPAREX INTERNATIONAL; COREXLAND B V;
EURAFREP NEDERLAND B V; COREXCAL, INC.,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-94-524)

October 31, 1995

Before POLITZ, Chief Judge, JOLLY and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:[*]

Marex, Inc. appeals the dismissal of its claims against the corporate defendants for

lack of personal jurisdiction. For the reasons assigned we affirm.

Background

---

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

In February of 1992, Marex, Inc., a Texas corporation, wrote to Coparex International, a French corporation, and Corexland B.V. and Eurafrep Nederland B.V., Dutch corporations, suggesting that the companies form a joint venture to undertake oil exploration in Ecuador.[1]  In June of 1992, after several weeks of negotiations in Houston, Texas, the parties drafted a letter agreement setting out the parameters of the proposed venture.  The defendants later reviewed and signed this agreement in Paris, France.  Pursuant to this agreement, two geologists and a geophysicist from Coparex traveled to Houston to examine Marex's data on the Ecuador project.  All subsequent venture-related activities took place in Eucador.

In March 1993 the parties entered into a second letter agreement which, together with the first agreement, constituted the joint venture contract between the parties.  From this point on, all activities of the venture participants were focused on Eucador and on the acquisition of additional partners.  In December 1993 the activities foundered because of the unavailability of additional satisfactory partners.

In January 1994 Marex filed suit in Texas state court claiming that the other partners' decision to terminate participation in the Ecuador project violated the joint venture agreement.  The action was removed to federal court and defendants moved to dismiss for lack of personal jurisdiction.  The motion was granted and defendants timely appealed.

Analysis

The jurisdictional basis for the removal is diversity and the district court may exercise jurisdiction over the defendants to the same extent that a Texas state court may do so.[2]  The

---

[1]Also involved was Corexcal, Inc., a domestic subsidiary of Coparex.  Marex has dismissed all claims against Corexcal and raises no issues concerning Corexcal in this appeal.

[2]**Bullion v. Gillespie**, 895 F.2d 213 (5th Cir. 1990).

Texas long-arm statute extends to the limits of due process;[3] therefore the issue before us is whether there have been sufficient minimum contacts with Texas to confirm the exercise of jurisdiction to "traditional notions of fair play and substantial justice."[4] We review the district court's dismissal *de novo*, mindful that the burden of proof rests with the plaintiff.[5]

The minimum contacts prong of this analysis contemplates contacts that give rise to either specific personal jurisdiction or general personal jurisdiction.[6] Marex does not seriously argue, and the record does not support the proposition that the defendants engaged in the sort of systematic or continuous activities in Texas which would give rise to general personal jurisdiction.[7] We therefore inquire whether the defendants' activities give rise to specific personal jurisdiction, particularly inquiring whether the defendants' contacts with Texas are related to plaintiff's cause of action[8] or resulted from activities purposefully directed towards Texas.[9] Given the contractual nature of this dispute and the relationship of the parties, "we look to the factors of prior negotiations, contemplated future consequences, terms of the contract, and the parties' actual course of dealing to determine whether [the defendants] purposefully established minimum contacts with the forum."[10]

---

[3]**Schlobohm v. Schapiro**, 784 S.W.2d 355 (Tex. 1990).

[4]**Ham v. La Cienega Music Co.**, 4 F.3d 413 (5th Cir. 1993) (citations omitted).

[5]**Kevlin Service, Inc. v. Lexington State Bank**, 46 F.3d 13 (5th Cir. 1995) (citations omitted).

[6]**Wilson v. Belin**, 20 F.3d 644 (5th Cir. 1994).

[7]**Helicopteros Nacionales de Colombia, S.A. v. Hall**, 466 U.S. 408 (1984).

[8]**Wilson**.

[9]**Ham**.

[10]**Stuart v. Spademan**, 772 F.2d 1185, 1193 (5th Cir. 1985). See also **Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.**, 9 F.3d 415 (5th Cir. 1993) (listing activities which

The record reflects that while preliminary negotiations took place in Houston, the defendants signed the contract, conducted all further activities in relation to the joint venture, and made all required payments in France. The written agreement contained neither forum selection nor choice-of-law provisions and was to be performed in Ecuador.[11] Although several Coparex personnel traveled to Houston to examine data pertinent to the Ecuador project,[12] all work on the project occurred on site in Ecuador. The record is devoid of evidence to support Marex's claims that the defendants solicited their involvement in the joint venture in Texas.[13] We find no error in the district court's determination.

AFFIRMED.

---

might demonstrate a defendant's intent to avail himself of the privilege of conducting activities within the forum state).

[11]See **Jones v. Petty-Ray Geophysical Geosource, Inc.**, 954 F.2d 1061 (5th Cir. 1992) (place of performance a significant factor in determining minimum contacts).

[12]While unclear, the record suggests that this trip was prompted not by the defendants' desire to visit Texas in the pursuit of business opportunities, but rather by Marex's refusal to allow its data to be removed from its possession in Texas.

[13]See **Hydrokinetics, Inc. v. Alaska Mechanical, Inc.**, 700 F.2d 1026 (5th Cir. 1983), cert. denied, 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 561 (1984) (place where contract is solicited a crucial factor in determining minimum contacts).