**CD SOLUTIONS, INC., Plaintiff,**

v.

**John Cleven TOOKER, et al., Defendants.**

**Civil Action No. 3:97–CV–0479–D.**

United States District Court,
N.D. Texas,
Dallas Division.

May 9, 1997.

---

D. Scott Hemingway, Richards Medlock & Andrews, Dallas, TX, for plaintiff.

Paul Edwin Hanson, Kirkley Schmidt & Cotten, Fort Worth, TX, for defendants.

### MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

Defendants John Cleven Tooker ("Tooker"), Commercial Printing Company ("Commercial Printing"), and CDS Networks, Inc. ("CDS Networks") move to dismiss this ac-

tion for lack of in personam jurisdiction.[1] For the reasons set forth below, the court holds that it lacks personal jurisdiction over the defendants, and transfers this action to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1406(a).

## I

Plaintiff CD Solutions, Inc. ("CD Solutions"), an Ohio company, seeks a judgment declaring Tooker's CDS trademark invalid. CD Solutions also sues for judgment declaring that its actions do not constitute trademark infringement, federal or state unfair competition, or federal or state trademark dilution.

Defendant Tooker is the owner and chief executive officer of Commercial Printing. He is also an officer of CDS Networks, a subsidiary of Commercial Printing. Tooker resides in Medford, Oregon. Both Commercial Printing and CDS Networks are Oregon corporations headquartered in Medford, Oregon. Neither has facilities outside of Oregon. Commercial Printing is in the business of providing computer documentation services to software manufacturers. CDS Networks is an Internet access provider. Both companies identify the services they provide by the CDS mark, and both companies advertise and sell their services on the Internet.

The present action arises out of a dispute over CD Solutions' use of "cds.com" as a domain name [2] on the Internet. Defendants sent CD Solutions a cease and desist letter instructing it to stop all use of the "cds.com" domain name. Defendants indicated that if CD Solutions refused to transfer the domain name "cds.com" to them, they would consider legal action. CD Solutions argues that it is entitled to use the domain name "cds.com," at least in part, because CDS is a generic term for the sale and manufacture of compact disks.

## II

### A

The determination whether a federal district court has in personam jurisdiction over a nonresident defendant is bipartite: the court first ascertains whether the law of the state in which it sits confers jurisdiction over the person of the defendant; if it does, the court then decides whether the exercise of jurisdiction would comport with the basic due process requirements of the United States Constitution. *Interfirst Bank Clifton v. Fernandez*, 844 F.2d 279, 282 (5th Cir.), *modified on other grounds*, 853 F.2d 292 (1988). Because the Texas long-arm statute extends to the limits of due process, *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991), the court considers only whether exercising jurisdiction over defendants satisfies the due process requirements imposed by the Constitution. *See Interfirst Bank*, 844 F.2d at 282.

■ . The due process inquiry further divides into two parts: the first is whether the nonresident defendant purposefully established "minimum contacts" with Texas; if so, the second is whether the exercise of jurisdiction results in "fair play and substantial justice." *Id.* (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105, 107 S.Ct. 1026, 1028, 94 L.Ed.2d 92 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985)).

■ A defendant's contacts with the forum may support either specific or general jurisdiction over the defendant. *See id.* at 283. A court has specific jurisdiction if the suit arises out of or is related to the defendant's contacts with the forum state. *Id.* A

---

**1.** They also move to transfer the case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Oregon. Although the court need not decide this aspect of the motion, given this case's tangential connections to Texas, and the absence of an indication that any witnesses likely to be called at trial reside in Texas, the court would be inclined to find that a § 1404(a) transfer is warranted even if jurisdiction and venue were proper in this district.

**2.** Generally speaking, domain names are used to identify sites on the Internet. *See Intermatic Incorp. v. Toeppen*, 947 F.Supp. 1227, 1230–31 (N.D.Ill.1996).

court may exercise general jurisdiction, even if the suit does not arise out of contacts with the forum state, if the defendant has maintained "continuous and systematic" contacts with the forum. *Id.* In the present case, CD Solutions appears to maintain that the court has specific jurisdiction over defendants.

■ The unilateral activity of a plaintiff cannot form the basis for the exercise of jurisdiction over a nonresident defendant. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 298, 100 S.Ct. 559, 567–68, 62 L.Ed.2d 490 (1980) (citing *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958)). Rather, the nonresident must purposefully avail itself of the benefits and protections of the forum's laws. *Id.* at 297, 100 S.Ct. at 567. The defendant's contacts with the forum state must be such that it should "reasonably anticipate being haled into court there." *Id; Union Carbide Corp. v. UGI Corp.,* 731 F.2d 1186, 1190 (5th Cir.1984).

■ Where, as here, the court considers the motion to dismiss without conducting an evidentiary hearing, plaintiff, as the party who seeks to invoke this court's jurisdiction, shoulders only the burden of proving a prima facie case for jurisdiction. *Bullion v. Gillespie,* 895 F.2d 213, 216–17 (5th Cir.1990). *See Ham v. La Cienega Music Co.,* 4 F.3d 413, 415 (5th Cir.1993) ("Plaintiffs typically carry the burden of proof on personal jurisdiction by making a *prima facie* showing. The district court usually resolves the jurisdictional issue without conducting a hearing." (footnote omitted)). The uncontroverted allegations of plaintiff's complaint are to be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in plaintiff's favor for the purpose of determining whether a prima facie case for personal jurisdiction exists. *See Brown v. Flowers Indus., Inc.,* 688 F.2d 328, 332 (5th Cir.1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983).

**B**

■ The court holds that defendants' contacts with this forum are insufficient to support the exercise of in personam jurisdiction.

CD Solutions asserts that various evidence related to defendants' use of the mark CDS in Texas permits a finding of specific jurisdiction. Although the court notes deficiencies in CD Solutions' proof of defendants' use of the CDS mark in Texas, the court's decision does not turn on these infirmities. Assuming *arguendo* the existence of such contacts, the court nevertheless lacks in personam jurisdiction.

The question whether defendants used the CDS mark in Texas is irrelevant to the specific jurisdiction determination in this case because CD Solutions' declaratory judgment action does not arise out of such contacts. *See Interfirst Bank,* 844 F.2d at 283. The Fifth Circuit addressed a similar issue in *Ham. See Ham,* 4 F.3d at 415–16. The owner of a song that allegedly infringed three copyrighted songs brought a declaratory judgment action against the owner of allegedly infringed works. The district court dismissed for lack of personal jurisdiction and the Fifth Circuit affirmed. Although the panel agreed that there was evidence that defendants had sought to exploit their songs in Texas and that their efforts had borne fruit in Texas, the relationship between the contacts and plaintiff's cause of action was deemed too "highly attenuated" to support specific jurisdiction. *Id.* at 416. The panel perceived little connection between defendants' commercial efforts and the core question underlying the declaratory judgment action: whether plaintiff's actions infringed copyrights owned by defendants. *See id.* Because plaintiff's action did not arise from defendants' business contacts with Texas, it could not serve as the basis for personal jurisdiction. *See id.*

CD Solutions' lawsuit presents the primary question whether its use of the domain name "cds.com" is improper. These claims do not arise out of or relate to defendants' contacts with the state of Texas. Accordingly, the court holds that CD Solutions has failed to establish a prima facie case of specific jurisdiction over defendants.

**III**

■ The court may transfer rather than dismiss this case. *See, e.g., Goldlawr, Inc. v.*

*Heiman,* 369 U.S. 463, 465–66, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962) (upholding transfer of venue by a court not having personal jurisdiction over the defendant); 28 U.S.C. § 1406(a). The determination whether to transfer under § 1406(a) rests in the court's discretion. The court finds that it would serve the interests of justice to transfer this action to the District of Oregon, where defendants reside, rather than to dismiss the case.

Accordingly, the court transfers the case to the District of Oregon. The clerk of court shall effect the transfer in accordance with the usual procedure.

**SO ORDERED.**