**FIX MY PC, L.L.C., D/B/A Fixx My PC, Plaintiff,**

v.

**N.F.N. ASSOCIATES, INC., D/B/A Pure Logic Computers, Defendant.**

**No. CIV.A.3:98–CV–0709–L.**

United States District Court,
N.D. Texas,
Dallas Division.

March 26, 1999.

Eric Wolf Pinker, Michael Brett Johnson, Lynn Stodghill Melsheimer & Tillotson, Dallas, TX, for Plaintiff.

Robert W. Turner, D. Scott Hemingway, Jones Day Reavis & Pogue, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

Before the court are Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, filed March 27, 1998, and Plaintiff's Motion to Supplement the Record, filed August 12, 1998. The court has carefully considered the motions, responses, replies, the evidence submitted by the parties, and the applicable law. For the reasons that follow, both motions are hereby granted.

### I. *Factual and Procedural Background*

Plaintiff Fix My PC does business as "Fixx My PC." Plaintiff is a Texas corporation that provides consulting, maintenance, and repair services for computers and information communication systems. It provides its services to individuals and businesses throughout Texas and the surrounding area. In connection with its business, Plaintiff uses the trade name "Fixx My PC." This includes using the name on its internet web site,. www.fixxmypc.com, and its toll-free telephone number, 1–888–FIXX–MY–PC.

Defendant N.F.N. Associates, Inc., d/b/a Pure Logic Computers is a New York corporation in the business of providing on-site computer repair services to individuals and businesses located in New York, New Jersey, and Connecticut. Defendant's headquarters and principal place of business are in New York City. Defendant also advertises its services through a web site that can be accessed at either www.purelogic.com or www.fixmypc.com. Defendant also has a toll-free number that it advertises as 1–800–FIX–MY–PC. It is undisputed that Plaintiff does not offer its services in the New York area, and that Defendant does not offer its services in Texas.[1]

Plaintiff claims that Defendant is infringing on its "Fixx My PC" trademark because Defendant's use of "Fix My PC" is confusingly similar. Plaintiff filed its First Amended Petition in the District Court of Dallas County, Texas on or about February 13, 1998. On March 16, 1998, Defendant removed the case to this court. Defendant now moves to dismiss for lack of personal jurisdiction, or alternatively requests a transfer of this case to the United States District Court for the Southern District of New York.

---

[1] One affidavit submitted by Plaintiff states the affiant's belief that at some time in the past, Defendant's web site offered referrals to repair companies outside of its service area. This "belief" is not competent evidence and cannot be considered by the court. *Loumar v. Smith*, 698 F.2d 759, 763–64 (5th Cir.1983).

## II. Plaintiff's Motion to Supplement the Record

After conducting discovery on the jurisdictional issues presented in this case, Plaintiff moved to supplement the evidentiary record related to Defendant's motion to dismiss, for the purpose of submitting additional documentation of Defendant's contacts with Texas. Plaintiff's Motion to Supplement the Record is granted.

## III. Defendant's Motion to Dismiss

■ A determination of personal jurisdiction over a nonresident defendant consists of two elements. First, the court must determine whether the nonresident is subject to jurisdiction under the law of the state in which it sits, and secondly, it must determine whether the exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Stuart v. Spademan,* 772 F.2d 1185, 1189 (5th Cir.1985); *CD Solutions, Inc. v. Tooker,* 965 F.Supp. 17, 19 (N.D.Tex.1997). The Texas long-arm statute has been interpreted to extend as far as the limits of constitutional due process permit. *See Hall v. Helicopteros Nacionales De Colombia,* 638 S.W.2d 870, 872 (Tex.1982), *rev'd on other grounds,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Therefore, the court is only required to consider whether an exercise of jurisdiction over Defendant satisfies constitutional due process. *Stuart,* 772 F.2d at 1189; *CD Solutions,* 965 F.Supp. at 19.

■ The due process inquiry is further divided into two parts. First, it must be established that the nonresident has "minimum contacts" with the forum resulting from an affirmative act on its part, and second, if minimum contacts are established, the exercise of jurisdiction must be fair and reasonable to the defendant. *Id.*

Defendant claims that this case should be dismissed because it is not subject to personal jurisdiction in Texas. It is undisputed that Defendant does not own or operate a business, maintain bank accounts, has not owned any stock, securities or negotiable instruments here, and has never before been sued in Texas. It is also undisputed that Defendant has no officers, directors, or employees in Texas, has not paid taxes in Texas, and has not contracted with any Texas resident. Defendant therefore argues that it does not have the "minimum contacts" with this forum that are required for personal jurisdiction. Plaintiff contends that the following contacts with Texas show that Defendant is subject to personal jurisdiction here: 1) Defendant has a web site which can be accessed and viewed by Texas residents; 2) Texas residents can contact Defendant through its toll-free phone number; and 3) Defendant has purchased parts for its computer equipment from a Texas company.

## A. Defendant's Web Site

Several federal district courts in Texas, including this court, have addressed the issue of how a defendant's web site impacts the analysis of "minimum contacts" for purposes of personal jurisdiction. *See Origin Instruments Corp. v. Adaptive Computer Systems, Inc.,* 1999 WL 76794 (N.D.Tex.1999); *Stroman Realty, Inc. v. Antt,* 20 F.Supp.2d 1050 (S.D.Tex.1998); *Thompson v. Handa–Lopez, Inc.,* 998 F.Supp. 738 (W.D.Tex.1998); *Mieczkowski v. Masco Corp.,* 997 F.Supp. 782 (E.D.Tex. 1998); *Bush v. Tidewater Marine Alaska, Inc.,* 1998 WL 560048 (E.D.Tex.1998); *Telephone Audio Productions, Inc. v. Smith,* 1998 WL 159932 (N.D.Tex.1998). This issue has also been addressed by courts outside this state.

■ Some courts have based personal jurisdiction solely on a defendant's web site. *See, e.g., Telco Communications v. An Apple A Day,* 977 F.Supp. 404 (E.D.Va.1997); *Inset Sys., Inc. v. Instruction Set, Inc.,* 937 F.Supp. 161 (D.Conn. 1996). Plaintiff urges the court to adopt this view. The federal courts in Texas, however, have held that more than a web site is required to expose a non-resident to personal jurisdiction here. *Origin Instru-*

*ments*, 1999 WL 76794 at *2; *Bush*, 1998 WL 560048 at *4, *citing Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997). While a web site may be one factor contributing to a finding of personal jurisdiction, the defendant must be doing "something more" to purposefully direct its activities to the forum state. *See Origin Instruments*, 1999 WL 76794 at *2; *Thompson*, 998 F.Supp. at 743–44 (defendant entered into contracts with Texans through its web site) *Cybersell*, 130 F.3d at 417–18 (examples of "something more" include having a toll free phone number, entering into contract in the forum, and selling of goods in the forum); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir.1996) (internet web site plus entering into a contract in the forum satisfied purposeful availment requirement); *Digital Equip. Corp. v. AltaVista Tech., Inc.*, 960 F.Supp. 456 (D.Mass.1997) (soliciting business and entering into contract sufficient).

■ To determine whether a web site itself would sufficiently establish minimum contacts, and therefore personal jurisdiction, a "sliding scale" is applied. The sliding scale examines the "nature and quality" of the defendant's activities over the internet. *Origin Instruments*, 1999 WL 76794 at *3; *Mieczkowski*, 997 F.Supp. at 786, *citing Zippo Manuf. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1122 (W.D.Pa.1997). At one end of the sliding scale are defendants who are conducting their businesses over the internet, entering into contracts with residents of other states. *Thompson*, 998 F.Supp. at 742–43. "Passive" web sites are at the other end of the scale. *Id.* at 743. These web sites do nothing more than provide information and advertising to those who access the site. *Id.; Origin Instruments*, 1999 WL 76794 at *3. Passive web sites, on their own, do not provide for personal jurisdiction over the owner of the site. *See Bensusan Restaurant Corp. v. King*, 937 F.Supp. 295 (S.D.N.Y.1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997). Interactive web sites that allow internet users to communicate and exchange information with the organization sponsoring the site are in the middle of the scale. *Thompson*, 998 F.Supp. at 743; *Mieczkowski*, 997 F.Supp. at 786.

■ Here, the record reflects that Defendant's web site is wholly passive. Plaintiff has attempted to controvert this through the Affidavit of Harry Whitman, wherein Whitman states his belief that in the Fall of 1997 Defendant's web site contained more than passive advertising. Whitman's belief is not competent evidence, and there is no other evidence in the record concerning the nature of Defendant's internet-related activities; therefore, Whitman's testimony does not support Plaintiff's argument for jurisdiction here. *See Loumar v. Smith*, 698 F.2d 759, 763–64 (5th Cir.1983) (affiant's belief that publications were distributed in Texas was insufficient to establish personal jurisdiction). Because Defendant's web site is of the passive variety, it does not automatically subject Defendant to personal jurisdiction in Texas. *Origin Instruments*, 1999 WL 76794 at *3; *Bush*, 1998 WL 560048 at *4. Therefore, the court must determine whether Defendant has additional contacts with Texas that alone or in combination with its web site would subject Defendant to personal jurisdiction here. In this regard, Plaintiff argues that Defendant is subject to specific jurisdiction in Texas because of its 1–800 number, and further argues that Defendant is subject to general jurisdiction because of other unrelated business transactions it has completed with a Texas company.

### B. Defendant's 1–800 Number

■ The record is clear that Defendant does maintain a toll-free telephone number, 1–800–FIX–MY–PC. Plaintiff contends that when combined with Defendant's web site, Defendant has the necessary minimum contacts with this forum such that Defendant could reasonably anticipate being haled into court here. Plaintiff has also filed the affidavits of two individuals who mistakenly called the

Defendant's toll-free number, 1–800–FIX–MY–PC, when they were actually trying to contact the Plaintiff at 1–888–FIXX–MY–PC. While Defendant states that it has no record of these calls, for purposes of this motion the court must view these facts in the light most favorable to Plaintiff. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997).

To support its argument that Defendant's toll-free number supports personal jurisdiction when combined with its passive web site, Plaintiff relies primarily on *Inset Systems, Inc. v. Instruction Set, Inc.*, 937 F.Supp. 161 (D.Conn.1996) and *Heroes, Inc. v. Heroes Foundation*, 958 F.Supp. 1 (D.D.C.1996). The *Inset Systems* court held that personal jurisdiction can be premised on a defendant's maintenance of a passive web site and a toll-free telephone number, merely because they were "designed to communicate with people and their businesses in every state," and could be accessed by consumers in the state of Connecticut. 937 F.Supp. at 165. This court, following the lead of another federal court in this state, has already declined to adopt this sweeping view of internet-based personal jurisdiction. *See Origin Instruments*, 1999 WL 76794 at *2, *citing Bush*, 1998 WL 560048 at *4.

Turning to *Heroes*, the facts of that case must be distinguished from the instant situation. In *Heroes*, the court gave much weight to Defendant's posting of its toll-free number on its web site, and its active solicitation of donations using both the web site and the toll-free number. 958 F.Supp. at 4–5. Here, there is no competent evidence showing that Defendant's toll-free number is posted on its web site, or that it was otherwise soliciting business through its web site. Moreover, the *Heroes* court relied on the prior decision in *Inset Systems* in reaching its conclusion. The above-cited Texas cases have established that *Inset Systems* has not been followed by the federal courts here.

Finally, Plaintiff's anecdotal evidence showing that some of its customers have mistakenly called Defendant when they were trying to reach Plaintiff through its toll-free number does not establish that Defendant has purposefully directed its activities toward this forum. Therefore, for the reasons stated herein, personal jurisdiction arising out of Defendant's activities on the internet and with its toll-free telephone number is not properly maintained in Texas. There is no specific jurisdiction over Defendant arising out of its activities that are at issue in this case. Unless Plaintiff is able to establish general personal jurisdiction over Defendant in Texas, the court must grant Defendant's motion to dismiss.

## C. Defendant's Unrelated Business Transactions in Texas

Plaintiff argues that Defendant has established a general presence in Texas, making personal jurisdiction over Defendant proper. In support of this argument, Plaintiff points to Defendant's repeated purchases of supplies and equipment from a Texas company, and further states that Defendant paid for those purchases by mailing checks to Texas. Defendant admits that it has been purchasing parts from the Texas entity since 1992, at an average rate of approximately $22,000 worth of parts per year. It is undisputed that these purchases are unrelated to the instant lawsuit. The Supreme Court has held that mere purchases from the forum state, even if they are made at regular intervals, will not be enough to establish personal jurisdiction over a nonresident defendant if the purchases at issue are not related to the plaintiff's cause of action. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 418, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Thus, this activity by Defendant will not establish general jurisdiction over it for purposes of this case. Defendant's motion to dismiss should be granted.

Defendant has further suggested in its reply brief that for the convenience of the parties and witnesses, this case should be transferred to the Southern District of

New York. 28 U.S.C. § 1404(a). Defendant has not adequately briefed this issue, and moreover, Plaintiff opposes such a transfer. Therefore, the court declines to transfer the case to the Southern District of New York.

### IV. *Conclusion*

For the reasons previously stated, Plaintiff's Motion to Supplement the Record is granted, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is also granted, and this case is dismissed without prejudice. Judgment will be entered by separate document.