**TOSHIBA FUNDING AUTHORITY LTD.**

v.

**SOMERSET MARINE, INC.**

No. G–95–780.

United States District Court,
S.D. Texas,
Galveston Division.

April 26, 1996.

John C. Grazier, John C. Grazier & Associates, Seabrook, TX, for plaintiff.

Peter A. McLauchlan, Meyer Orlando & Evans, Houston, TX, for defendant.

## *ORDER*

KENT, District Judge.

Plaintiff Toshiba Funding Authority Ltd., a Turks and Caicos Islands corporation, is the owner of the PANACHE, a 96' yacht that was damaged in a storm while the vessel was moored in Thessaloniki, Greece. At the time of the damage, the PANACHE was insured under a policy issued by Defendant Somerset Marine, Inc., a New York corporation. Toshiba sued Somerset in Texas state court after Somerset refused to reimburse Toshiba for approximately $35,000 of the more than $300,000 spent to repair the vessel. Somerset removed the action to this Court on the basis of diversity of citizenship. Now before the Court is Toshiba's Motion to Remand and Somerset's Motion to Dismiss for Lack of Personal Jurisdiction. For the reasons set forth below, Somerset's Motion to Dismiss is **GRANTED,** and Toshiba's Motion to Remand is **DENIED AS MOOT.**[1]

In federal court, personal jurisdiction over a non-resident defendant is proper if: (1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061 (5th Cir.1992). The Texas long-arm statute authorizes service of process on a non-resident defendant if the defendant "does business" in Texas. Tex.Civ.Prac. & Rem.Code Ann.

§ 17.042. Because the phrase "doing business" has been interpreted to reach as far as Constitutionally permissible, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry. *Ruston Gas Turbines, Inc. v. Donaldson Co.,* 9 F.3d 415, 418 (5th Cir.1993); *Schlobohm v. Schapiro,* 784 S.W.2d 355, 356–57 (Tex.1990).

Whether the exercise of personal jurisdiction over a non-resident defendant is consistent with the due process clause of the United States Constitution involves a two-pronged inquiry. · First, the Court must conclude that the defendant has "minimum contacts" with Texas. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must also conclude that requiring the defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994); *Ruston,* 9 F.3d at 418.

In support of its argument that jurisdiction exists over Somerset, Toshiba argues that its address in the United States has always been in Texas, and that Somerset, through its agent Alliance Marine Risk Managers, Inc. (Alliance), regularly corresponded with Toshiba or its attorney at the Texas address. Toshiba also contends that Somerset is considered a Texas resident under the Texas Insurance Code. Thus, Toshiba contends Somerset purposefully availed itself of the privilege of doing business in Texas and Somerset, therefore, is subject to jurisdiction in Texas.

In support of its argument that this Court lacks jurisdiction over it, Somerset argues that Alliance is the agent of Toshiba, not Somerset, and that the insurance policy was issued and delivered to Alliance in New York. The policy listed Toshiba's address as Turks and Caicos Islands, BWI, and restricted the operation of the PANACHE to the Mediterranean. In addition, Somerset has

---

1. This Court has the power to rule on a motion challenging personal jurisdiction before reaching a motion to remand. *Villar v. Crowley Maritime Corp.,* 990 F.2d 1489, 1494 (5th Cir.1993), *cert.* *denied,* —— U.S. ——, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994). Because the Court is dismissing the action for lack of personal jurisdiction, there is no need to consider the Motion to Remand.

presented an affidavit establishing that its principal place of business is in New York, it has never maintained an office in Texas or employed any agents or employees in Texas, it has never owned property in Texas, it has never advertised or solicited business in Texas, it has never been licensed or attempted to obtain licensing in Texas, and it has never maintained an agent for service of process in Texas.

### A. Minimum Contacts

■ The minimum contacts aspect of due process is divided into two types of personal jurisdiction—specific and general. *Wilson,* 20 F.3d at 647. If the cause of action arises from particular activities of the defendant in the forum, specific jurisdiction is generally involved. The minimum contacts analysis in cases of specific jurisdiction is narrow, focusing on the relationship between the defendant, the cause of action, and the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). If the cause of action is not based on the defendant's specific activities in the forum state, general jurisdiction is typically involved. In cases involving general jurisdiction, the minimum contacts analysis is more demanding, requiring activities of a substantial, continuous, and systematic nature. *Id.* at 417–19, 104 S.Ct. at 1873–74; *Wilson,* 20 F.3d at 647, 650–51. It is clear that none of the activities alleged by Toshiba are sufficiently substantial or continuous to support the exercise of general jurisdiction over Somerset. Moreover, the Court concludes that Somerset does not have sufficient contacts with Texas to support the exercise of specific jurisdiction.

■ Specific personal jurisdiction exists over a non-resident defendant if the defendant has " 'purposefully directed' his activities at the residents of the forum, and the litigation results from alleged injuries that 'arise from or relate to' the those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) (citations omitted); *Villar v. Crowley Maritime Corp.,* 990 F.2d 1489 (5th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994). The critical inquiry, therefore, is whether the defendant,

by directing activities to the forum state, purposefully availed himself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws. *See, e.g., Holt Oil & Gas Co. v. Harvey,* 801 F.2d 773, 777 (5th Cir. 1986), *cert. denied,* 481 U.S. 1015, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987). The defendant's connection with the forum state must be of such a nature that the defendant should reasonably anticipate being haled into court in the forum state. *Id.; see also Ham v. La Cienega Music Co.,* 4 F.3d 413, 415 (5th Cir.1993). Moreover, it is the acts of the *defendant* that establish jurisdictional contact with the forum state; unilateral actions in the forum state by the plaintiff are insufficient to support the exercise of personal jurisdiction. *Petty–Ray Geophysical,* 954 F.2d at 1068.

The evidence presented by Toshiba does not establish that Somerset purposefully itself of the privilege of doing business in Texas. While Toshiba has presented correspondence from Alliance sent to the address of Toshiba's attorney in Texas, these letters are insufficient to subject Somerset to the jurisdiction of this Court. Other than Toshiba's bald allegation, there is simply no evidence that Alliance was Somerset's agent. Instead, the letters themselves indicate that Alliance was acting as Toshiba's agent by attempting to procure insurance on the PANACHE. Thus, Alliance's contacts with Toshiba in Texas are irrelevant to the determination of whether Somerset has sufficient contacts with Texas.

■ Toshiba also contends that its "primary office" was located in Texas, and Toshiba has presented an affidavit from its attorney stating that Toshiba's United States offices "have at all times been located at the same address as that of my law firm." However, the evidence submitted by Toshiba shows only that Toshiba's attorney was located in Texas, and that correspondence concerning Toshiba was sent to its attorney. The correspondence upon which Toshiba relies so heavily is nothing more than correspondence to the attorney of an foreign insured; nothing in the letters indicates that *Toshiba* had any presence in Texas. The

fortuitous location in Texas of Toshiba's attorney is not sufficient to put Somerset on notice that it might be haled into Texas to litigate a dispute over an insurance policy issued and delivered in New York to a foreign corporation covering property that was never located in Texas.[2] Further, the policy issued by Somerset reflects Toshiba's address as Turks and Caicos Islands, BWI, and there is no evidence that *Somerset* knew at the time it issued the policy that Toshiba had any connection with Texas. *See, e.g., Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 913 (9th Cir. 1990) (in personal jurisdiction analysis, "[o]nly contacts occurring prior to the event causing the litigation may be considered"); *see also Rossman v. State Farm Mut. Auto. Ins. Co.,* 832 F.2d 282, 287 n. 2 (4th Cir. 1987). The Court therefore concludes that Somerset did not purposefully direct its business activities to Texas residents and that Somerset lacks sufficient contacts with Texas to support the exercise of personal jurisdiction.[3]

However, even if the Court were to conclude that sufficient contacts existed, the Court would nonetheless grant Somerset's Motion. As will be discussed below, the exercise of jurisdiction under the facts of this case would offend traditional notions of fair play and substantial justice. Thus, the Court believes that this case would present the relatively unusual situation where the exercise of jurisdiction would be improper even if the minimum contacts requirement were satisfied.

### B. Fair Play and Substantial Justice

In addition to requiring minimum contacts with the forum state, due process requires the exercise of personal jurisdiction over a non-resident defendant to comply with "traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158; *Wilson,* 20 F.3d at 647. The relationship between the defendant and the forum state must be such that it is reasonable to require the corporation to defend the particular suit. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564–65, 62 L.Ed.2d 490 (1980). Whether the exercise of jurisdiction is consistent with notions of fair play and substantial justice requires an evaluation of the burden on the defendant, the forum state's interest in resolving the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1032–33, 94 L.Ed.2d 92 (1987); *World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564–65.

The Court concludes it would be unreasonable to require Somerset to litigate this dispute in Texas. The dispute arose from an insurance policy issued and delivered in New York by a New York corporation insuring a yacht owned by a Turks and Caicos corporation. The yacht operated exclusively in the Mediterranean, and was damaged and repaired in Greece. Given that all the documentation regarding the damage and subsequent repair of the PANACHE are located in New York or Greece, as are nearly all the persons knowledgeable of the facts, requiring Somerset to litigate this dispute in Texas would impose a substantial burden on Somerset.

---

**2.** Moreover, even if Toshiba did have an office in Texas, simply contracting with a party that has a presence in Texas resident does not automatically subject the contracting party to personal jurisdiction in Texas. *See Burger King,* 471 U.S. at 478, 105 S.Ct. at 2185; *Leonard v. USA Petroleum Corp.,* 829 F.Supp. 882, 890 (S.D.Tex.1993).

**3.** In its state court petition, Toshiba alleged that it was a Turks and Caicos corporation. Toshiba does not now contend or offer evidence that it is a resident of Texas. Because Toshiba is not a Texas resident, Somerset issued and delivered the insurance policy at issue in this case in New York, and the property insured has never been located in Texas, Toshiba's arguments under the Texas Insurance Code must fail. *See Risk Managers Int'l, Inc. v. State,* 858 S.W.2d 567 (Tex.Ct. App.—Austin 1993, writ denied) (state may regulate insurance transactions where insured *domiciled in the state* obtains insurance through negotiations occurring in whole or in part inside state borders).

Moreover, the burden on Somerset and the unreasonableness of the exercise of jurisdiction in this case are not tempered by any of the remaining factors. First, Texas has no interest in resolving this dispute, given that neither Toshiba nor Somerset are Texas corporations, the yacht was not damaged in Texas, the yacht has never been located in Texas, and the insurance policy was not issued or delivered in Texas. In fact, the only connection this case has to Texas is the fact that Toshiba's lawyer, who was apparently involved in the procurement of insurance for the yacht, is located in Texas. However, the in-state presence of an attorney representing a foreign client in matters not connected to the state is insufficient to give Texas an interest in resolving the dispute between Toshiba and Somerset. Given the location of the witnesses and relevant documents, conducting the trial in New York or Greece would further the interstate judicial system's interest in obtaining the most efficient resolution of controversies. Moreover, given that Texas has no contacts with or interest in this dispute, it would be more appropriate for the case to proceed in a forum with a significant interest in the dispute and its resolution.

Therefore, after considering all the relevant circumstances, the Court concludes that the exercise of personal jurisdiction over Somerset would be unreasonable and would offend traditional notions of fair play and substantial justice. Accordingly, Somerset's Motion to Dismiss is hereby **GRANTED,** and the Plaintiff's claims are hereby **DISMISSED FOR WANT OF PERSONAL JURISDICTION.**[4]

**IT IS SO ORDERED.**

### FINAL JUDGMENT

For the reasons set forth in the Order issued by the Court this day, the Court hereby **GRANTS** the Defendant's Motion to Dismiss, and the Plaintiff's action is hereby **DISMISSED FOR WANT OF PERSONAL JURISDICTION.** This dismissal is **WITH-** OUT PREJUDICE as to the Plaintiff's right to re-assert its claims against the Defendant in another court where jurisdiction over the Defendant might exist. **THIS IS A FINAL JUDGMENT.** All parties are **ORDERED** to bear their own costs incurred herein to date.

**IT IS SO ORDERED.**

---

4. Toshiba has requested the Court delay its ruling pending disclosure and discovery. However, the evidence that might impact the Court's ruling (such as evidence establishing that Toshiba has an office in Texas, and pre-claim correspondence from *Somerset* to *Toshiba* in Texas) is evidence to which Toshiba had access and could have submitted to the Court, if such evidence existed. Thus, there is no need to delay the Court's ruling on Somerset's Motion.