**Michael LeBLANC**

v.

**PATTON–TULLY TRANSPORTATION LLC**

**Civil Action No. G–00–577.**

United States District Court,
S.D. Texas,
Galveston Division.

April 26, 2001.

Steven C. Barkley, Beaumont, TX, for plaintiff.

Ernest Lane, III, Lane & Striebeck, P.A., Greenville, MS, for defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

KENT, District Judge.

Plaintiff Michael LeBlanc brings this Jones Act case for personal injuries allegedly incurred while working as a deckhand aboard the M/V HELEN TULLY on the Mississippi River between Memphis, Tennessee and Vicksburg, Mississippi, near "Island 9." Now before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. For the reasons stated below, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED.**

### I. BACKGROUND

Plaintiff is a Louisiana resident who worked as deckhand for Defendant. Defendant Patton–Tully Transportation L.L.C. is a Mississippi Limited Liability Company. It has no offices in Texas and has not designated an agent for service of process in Texas.

Plaintiff's accident allegedly occurred on November 3, 1999 aboard the M/V HELEN TULLY while Plaintiff was working for Defendant. Plaintiff claims that while he was tying together empty barges, the vessel he was aboard rammed into the barges. This caused the cable Plaintiff was holding to jerk, allegedly "popping" Plaintiff's shoulder. Plaintiff maintains that as a result he suffered injuries to his shoulder and other parts of his body.

### II. LEGAL STANDARD

In federal court, personal jurisdiction over a nonresident defendant is proper if: (1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. *See Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.1992). The Texas long-arm statute authorizes service of process on a nonresident defendant if the defendant is determined to be "doing business" in Texas. *See* Tex. Civ. Prac. & Rem.Code Ann. § 17.042. Because the phrase "doing business" has been interpreted to reach as far as the United States Constitution permits, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due-process inquiry. *See Ruston Gas Turbines, Inc. v. Donaldson Co.,* 9 F.3d 415, 418 (5th Cir.1993).

Whether the exercise of personal jurisdiction over Defendants is consistent with the Due Process Clause of the United States Constitution likewise requires a two-pronged inquiry. First, the Court must conclude that Defendants have "minimum contacts" with Texas. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must determine that requiring Defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.1994); *Ruston Gas Turbines,* 9 F.3d at 418. The "minimum contacts" aspect of due process can be satisfied by either finding specific jurisdiction or general jurisdiction. *See Wilson,* 20 F.3d at 647. If the conduct of a defendant that supports personal jurisdiction is related to a stated cause of action, personal jurisdiction is known as "specific jurisdiction." *See Ruston Gas Turbines,* 9 F.3d at 418–19. The minimum contacts prong for specific jurisdiction can be satisfied by a single act if the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (holding

that a defendant establishes minimum contacts by purposely engaging in conduct directed toward the forum state "such that [the defendant] should reasonably anticipate being haled into court there"); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958); *see also Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir.1990) ("It is well settled that specific jurisdiction may arise without the nonresident defendant's ever stepping foot upon the forum state's soil ...."). Alternatively, if a defendant has insufficient contacts related to a stated cause of action to support specific jurisdiction, contacts unrelated to the cause of action may confer general jurisdiction. However, these contacts with the foreign state must be both "continuous and systematic" and "substantial." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984).

At the outset, the Court notes that although the burden is on Plaintiff, he need only make a prima facie showing of jurisdiction, and his allegations in that regard are to be taken as true unless controverted; moreover, any conflicts are to be resolved in his favor. *See Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 785 (5th Cir. 1990).

### III. ANALYSIS

A. *Minimum Contacts*

■ Plaintiff concedes that specific jurisdiction does not exist in this case. Instead, he claims that general jurisdiction exists based on Defendant's general contacts with Texas. In this regard, Plaintiff has provided evidence that the Defendant has, since 1997, done subcontract work for Midwest Reclamation, a Texas company located in Dallas. This subcontract work, Plaintiff contends, accounts for ten to fifteen percent of Defendant's total revenue. None of the work, however, actually takes place in Texas. Plaintiff does not point to any other Texas contacts on the part of · Defendant.

The Court concludes that out-of-state work performed for a Texas business, even if accounting for ten to fifteen percent of Defendant's revenue, cannot possibly give rise, by itself, to general jurisdiction in Texas over the Defendant. In *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359 (5th Cir.1990), the defendant was an out-of-state company sued in Louisiana. The Fifth Circuit held that general jurisdiction did not exist despite the fact that the defendant chartered its boats to its Louisiana subsidiaries (accounting for approximately 13% of the company's revenues), engaged in advertising which reached Louisiana, and purchased vessels within the state. *Id.* at 1362. These contacts, the Court held, were not sufficiently "systematic and continuous to constitute a general presence in the state." *Id.* In *Dalton,* the defendant not only garnered approximately 13% of its revenue from its dealings with Louisiana companies, but actually sent its boats into the forum state. General jurisdiction, nevertheless, did not exist. In this case, Defendant has never sent property or personnel into Texas. Nor does it have any other contacts with the state other than its contractual relationship with a Texas company. Hence, its contacts are not sufficiently systematic and continuous to support general jurisdiction.[1]

---

1. Indeed, even the Texas company with whom Defendant does business would not necessarily be able to obtain jurisdiction over Defendant in a dispute arising out of their relationship. Simply contracting with a party that is a Texas resident does not automatically subject the contracting party to personal jurisdiction in Texas. *See Burger King,* 471 U.S. at 478, 105 S.Ct. at 2185; *Colwell Realty Investments v. Triple T Inns of Arizona, Inc.,* 785

Cf. *Kelly v. Syria Shell Petroleum Development*, 213 F.3d 841, 856 (5th Cir.2000) (holding that a foreign company's contracting with a Texas company was not sufficient to confer general jurisdiction); *Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 496–98 (5th Cir.1989) (holding that an Alabama company's selling of electricity to Mississippi and maintenance of interconnection points in Mississippi did not give rise to general jurisdiction in Mississippi).

■ However, even if the Court were to conclude that sufficient contacts existed, the Court would nonetheless grant Defendant's Motion. As will be discussed below, the exercise of jurisdiction under the facts of this case would offend traditional notions of fair play and substantial justice.

B. *Fair Play and Substantial Justice*

■ In addition to requiring minimum contacts with the forum state, due process requires the exercise of personal jurisdiction over a non-resident defendant to comply with "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158; *Wilson*, 20 F.3d at 647. The relationship between the defendant and the forum state must be such that it is reasonable to require the corporation to defend the particular suit. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564–65, 62 L.Ed.2d 490 (1980). Whether the exercise of jurisdiction is consistent with notions of fair play and substantial justice requires an evaluation of the burden on the defendant, the forum state's interest in resolving the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies,

and the shared interest of the several States in furthering fundamental substantive social policies. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1032–33, 94 L.Ed.2d 92 (1987); *World–Wide Volkswagen*, 444 U.S. at 292, 100 S.Ct. at 564–65.

The Court concludes it would be unreasonable to require Defendant to litigate this dispute in Texas. The dispute arose from an alleged injury to a Louisiana resident in Mississippi while working for a Mississippi company. Even Plaintiff concedes that Defendant's vessels do not operate in Texas waters. Because all the persons with knowledge of the facts presumably reside outside of Texas, requiring Defendant to litigate this dispute in Texas would impose a substantial burden on Defendant.

Moreover, the burden on Defendant and the unreasonableness of the exercise of jurisdiction in this case are not tempered by any of the remaining factors. First, Texas has no interest in resolving this dispute, given that neither Plaintiff nor Defendant are residents of the State. Given the location of the witnesses and relevant documents, conducting the trial in Mississippi would further the interstate judicial system's interest in obtaining the most efficient resolution of controversies. Moreover, given that Texas has no contacts with or interest in this dispute, it would be more appropriate for the case to proceed in a forum with a significant interest in the dispute and its resolution.

IV. *CONCLUSION*

Therefore, after considering all the relevant circumstances, the Court concludes that the Defendant lacks the requisite min-

F.2d 1330, 1334 (5th Cir.1986); *Toshiba Funding Authority Ltd. v. Somerset Marine, Inc.*, 923 F.Supp. 982, 986 n. 2 (S.D.Tex.

1996) (Kent, J.); *Leonard v. USA Petroleum Corp.*, 829 F.Supp. 882, 890 (S.D.Tex.1993).

imum contacts with Texas to support personal jurisdiction and that, in any event, the exercise of personal jurisdiction over Defendant would be unreasonable and would offend traditional notions of fair play and substantial justice. Accordingly, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is hereby **GRANTED,** and the Motion to Dismiss for Improper Venue is **NOT REACHED.** Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE FOR WANT OF PERSONAL JURISDICTION.** Plaintiff can refile the case in an appropriate forum.

IT IS SO ORDERED.