**INTERNATIONAL TRUCK AND ENGINE CORPORATION and International Truck Intellectual Property Co., LLC, Plaintiffs,**

v.

**Ellas QUINTANA, Individually and d/b/a International Bus & Coach and International Bus & Coach, Defendants.**

No. CIV.A.3:02–CV–168–L.

United States District Court,
N.D. Texas,
Dallas Division.

April 29, 2003.

---

554

Raymond P. Niro, Sr., Niro Scavone Haller & Niro, Chicago, IL, Jonathan T. Suder, Friedman Suder & Cooke, Fort Worth, TX, for plaintiffs.

### ORDER

LINDSAY, District Judge.

Before the court are Defendants' Motion For Stay of Proceedings, filed January 14, 2003; and Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or For a Change of Venue, filed February 6, 2003. After careful consideration of the motions, responses, replies, evidence, and the applicable authorities, the court **denies** Defendants' Motion for Stay of Proceedings, and **denies** Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or For a Change of Venue.

### I. Background

This is an action for unfair competition, trademark infringement and dilution and is brought pursuant to federal and state law. Plaintiff International Truck and Engine Corporation ("INTEC") is a Delaware corporation with its principal place of business in Warrenville, Illinois. INTEC does business in this judicial district through its Parts Distribution Center and Used Truck Center, both of which are located in Dallas, Texas. Plaintiff International Truck Intellectual Property Company, LLC ("INTIP") is an Illinois limited liability company and wholly owned subsidiary of INTEC. Defendant International Bus & Coach ("IBC") is a used bus sales company having its principal place of business in Fort Gibson, Oklahoma. Defendant Elias Quintana ("Quintana") is an individual residing in Fort Gibson, Oklahoma, and the sole proprietor of IBC.*

Plaintiffs have been in the school bus transportation industry since 1907, and are currently the leading seller of school bus products. Plaintiffs own all rights, title and interests in the trademark and trade name "INTERNATIONAL," and have spent millions of dollars in advertising and promoting school bus products under that mark and name. Plaintiffs allege that Defendants have been unlawfully using the INTERNATIONAL trademark and name in connection with their school bus business, and that such use creates the false and misleading impression that Defendants are approved, sponsored or affiliated with Plaintiffs.

On January 24, 2002, Plaintiffs filed this lawsuit against Defendant IBC, alleging

---

* The court is disturbed by what it perceives to be an attempt by Quintana to mislead it regarding the character of his business. As stated before, Plaintiffs initially brought this suit against IBC. After the court instructed Quintana to appear in this case pro hac vice, or secure counsel to represent IBC, he informed Plaintiffs' counsel that IBC was a sole proprietorship. Plaintiffs then amended their complaint to add Elias Quintana as a defendant, individually, and doing business as International Bus & Coach. The corporate entity is still named as a defendant in this case, and is not being represented by an attorney. In its briefs, Defendant refers to IBC as a corporate entity. Quintana cannot have it both ways. If IBC is a corporate entity, Quintana must secure counsel to represent it forthwith, or the court will impose the sanctions listed in its order of March 13, 2002.

unfair competition, trademark infringement, and dilution under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, common law unfair competition and trademark infringement, and violation of the Texas Antidilution Act, Tex. Bus. & Comm.Code Ann. § 16.29. Defendants now move to dismiss this action for lack of personal jurisdiction and improper venue pursuant to Fed. R.Civ.P. 12(b)(2) and (3), or in the alternative, for a change of venue pursuant to 28 U.S.C. § 1404(a).

## II. Analysis

### A. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction

Before turning to the merits of Defendants' motion, the court addresses Plaintiffs' contention that Defendants have waived any right to challenge personal jurisdiction. Plaintiffs contend that because Defendants did not challenge personal jurisdiction in their motion to dismiss for improper venue, filed on May 29, 2002, they have waived any right to assert it now. Defendants respond that they have not waived their right to challenge the court's personal jurisdiction because its earlier venue motion was not limited to the issue of venue. They further contend that the parties stipulated in their Agreed Protective Order for Confidential Information that Defendants did not waive any right to challenge personal jurisdiction.

While it is true that Defendants did not expressly challenge personal jurisdiction in their earlier filed venue motion (filed May 30, 2002), or assert in the parties' Joint Status Report that they were challenging personal jurisdiction, the issue was initially raised in IBC's motion to dismiss, which was filed on March 6, 2002, in response to Plaintiffs' Original Complaint. The motion challenged the court's jurisdiction over IBC; however, the arguments were intended to equally apply to Quintana. Throughout this litigation, Quintana has represented that the company is a sole proprietorship and hinted that there is no real separation between the individual and the company. Defendants never withdraw IBC's motion to dismiss, and have not since expressly waived any challenge to personal jurisdiction. The court determines that Defendants have not waived their challenge to personal jurisdiction. In any event, Plaintiffs will not be harmed by allowing Defendants to pursue the motion, as they have been aware since March 2002 that IBC was challenging personal jurisdiction.

The court now addresses the merits of Defendant's motion to dismiss for lack of personal jurisdiction. Quintana complains that this court lacks in personam jurisdiction, because he does not have the minimum contacts with the State of Texas as required under the federal constitution. Plaintiffs disagree, contending that Defendants committed tortious acts within the State of Texas, and are therefore subject to the court's personal jurisdiction. The court agrees with Plaintiffs.

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a *prima facie* case that personal jurisdiction is proper, *id.*, proof by a preponderance of the evidence is not required. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir.1989). In resolving a jurisdictional issue, the court may review pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Command–Aire Corp. v. Ontario Mech. Sales & Serv.,*

*Inc.,* 963 F.2d 90, 95 (5th Cir.1992). Allegations in plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. *Wyatt v. Kaplan,* 686 F.2d 276, 282–83 n. 13 (5th Cir.1982) (citing *Black v. Acme Markets, Inc.,* 564 F.2d 681, 683 n. 3 (5th Cir.1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists. *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.), *cert. denied,* 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992).

■ In a federal question case where the statute in question does not provide for service of process, the court "can use a state long-arm statute only to reach those parties whom a court of the state could also reach under it." *Burstein v. State Bar of Cal.,* 693 F.2d 511, 514 (5th Cir. 1982). The exercise of jurisdiction must comport with the due process clause, and because Texas' long arm statute extends to the fullest constitutional limits, the analysis is combined into one analysis. *See Marathon Oil Co. v. A.G. Ruhrgas,* 182 F.3d 291, 294 (5th Cir.1999) (citations omitted).

■ Exercise of personal jurisdiction over nonresident defendants satisfies due process when two requirements are met. First, the nonresident defendant "must have purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with that forum state". The "minimum contacts" prong can be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co.,* 182 F.3d at 294–95. In this case, Plaintiffs contend that Defendants contacts give rise to specific jurisdiction. Exercise of specific jurisdiction is only appropriate when the nonresident's contacts with the forum state arise from or are directly related to the cause of action. *Marathon Oil Co.,* 182 F.3d at 295.

■ Plaintiffs allege that Defendants have committed numerous acts of trademark infringement in this district, including placing and soliciting bids for the sale of school buses with the Cleburne Independent School District, which is located in Johnson County, Texas. Plaintiffs also allege that Defendants have (1) attended trade shows in Texas displaying the INTERNATIONAL mark; (2) sent unsolicited promotional materials with the INTERNATIONAL logo to the Cleburne Independent School District; (3) sold product in Texas under the INTERNATIONAL trademark; (4) called and solicited business from a list of customers in Texas under the name INTERNATIONAL; and (5) advertised their business on an Internet website accessible in Texas using the name INTERNATIONAL.

The court need not engage in an extensive and detailed analysis of the issue, as it determines that Defendants contacts with the state arise from their alleged unlawful use of the INTERNATIONAL trademark in connection with soliciting business in the State of Texas. Such contacts are sufficient for the court to exercise specific personal jurisdiction over Defendants. The court further determines that exercise of personal jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice, given that the alleged infringing activity occurred in the State of Texas, and that key witnesses in this case reside in Texas. Plaintiffs have met their burden of establishing personal jurisdiction in this case. Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction is **denied**.

## B. Defendant's Motion to Dismiss for Improper Venue

■ Defendants move to dismiss for lack of proper venue pursuant to Fed. R.Civ.P. 12(b)(3). In so doing, the burden is on Defendants to demonstrate affirmatively that Plaintiffs filed this lawsuit in an improper venue. Venue is proper in the Northern District of Texas, when "a substantial part of the events or omissions giving rise to the claim occurred" in the district. 28 U.S.C. § 1391(b)(2). Here, a substantial part of the events giving rise to Plaintiffs' claims occurred in this district. Further, Plaintiffs have alleged that Defendants used the INTERNATIONAL trademark on their Internet website, which was accessible in the Northern District of Texas. Moreover, Plaintiffs, who are doing business in the Northern District of Texas, were allegedly injured in this district. The court finds that venue is proper as to the action against Defendants. Accordingly, Defendant's motion to dismiss for improper venue is **denied**.

## C. Defendants' Motion for Change of Venue

■ Defendants move to transfer venue of this action to Oklahoma pursuant to 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any district or division where it might have been brought for (1) the convenience of the parties and witnesses, and (2) in the interest of justice. In determining whether a transfer of venue is warranted the court considers the following factors: 1) the availability and convenience of witnesses and parties; 2) the availability of process to compel the presence of unwilling witnesses; 3) the location of counsel; 4) the relative ease of access to sources of proof; 5) the cost of obtaining attendance of witnesses and other trial expenses; 6) the location of the alleged wrong; 7) the possibility of delay and prejudice if transfer is granted; 8) the

plaintiff's choice of forum; 9) calendar congestion; and 10) the interests of justice in general. *See Burlington Northern & Santa Fe Ry. Co. v. Herzog Servs., Inc.*, 990 F.Supp. 503, 504 (N.D.Tex.1998); *Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1065 (S.D.Tex.1996); *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993); *see also Koehring Co. v. Hyde Constr. Co.*, 324 F.2d 295, 296–97 (5th Cir.1963). A plaintiff's choice of forum is entitled to great deference and generally should not be disturbed unless the balance of factors strongly favors the moving party. *See Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.*, 85 F.Supp.2d 663, 665 (S.D.Tex.1999).

■ Defendants have failed to establish that transfer is warranted. Defendants offer in conclusory statements that documents and witnesses are located in Oklahoma, yet fail to provide any evidence to support their assertions. Additionally, Defendants fail to address how these witnesses and documents are relevant to any issue in the case. Plaintiffs, on the other hand, have demonstrated that a key witness in this litigation, Mr. Mike Bailey, Business Manager for the Cleburne Independent School District, is located in Texas. In addition, Plaintiffs allege that the cause of action arose in this district, through Defendants' solicitation of business in this district and the confusion caused to customers located here. Defendants have not presented sufficient grounds to justify disturbing Plaintiffs' choice of venue. Accordingly, Defendants' motion to transfer venue is **denied**.

## D. Defendants' Motion for Stay of Proceedings

In light of the court's ruling on the pending dispositive motions, Defendant's

motion for stay is now moot, and accordingly denied.