MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AMOS L. MAZZANT, UNITED STATES DISTRICT JUDGE
Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 4, 2019, the report of the Magistrate Judge (Dkt. # 79) was entered containing proposed findings of fact and recommendations that Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. # 53) be granted, and Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh be dismissed from the lawsuit.
Having received the report of the Magistrate Judge, and no objections thereto having been timely filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.
It is, therefore, ORDERED that Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. # 53) be GRANTED. Specifically, Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh are DISMISSED without prejudice.
IT IS SO ORDERED.
REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
Christine A. Nowak, UNITED STATES MAGISTRATE JUDGE
*475 Pending before the Court is Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh's (collectively, the "Individual Defendants") "Motion to Dismiss for Lack of Personal Jurisdiction" [Dkt. 53]. After reviewing the Motion to Dismiss [Dkt. 53], Plaintiff's Response [Dkt. 61], and all other relevant filings, the Court recommends that the Individual Defendants' Motion to Dismiss be GRANTED .
BACKGROUND
Plaintiff Craig Cunningham ("Plaintiff"), proceeding pro se , filed his original Complaint on November 9, 2017 asserting causes of action against the Individual Defendants for violations of the Telephone Consumer Protection Act ("TCPA"), Fair Debt Collection Practice Act ("FDCPA"), and invasion of privacy [Dkt. 1]. On January 26, 2018, the Individual Defendants filed their first "Motion to Dismiss for Lack of Personal Jurisdiction" [Dkt. 17] ("First Motion to Dismiss"). The undersigned entered a report and recommendation, recommending that the First Motion to Dismiss be denied to allow Plaintiff leave to amend his Complaint; the report further noted that Plaintiff's original Complaint "[did] not establish that each of the Individual Defendants [were] subject to the Court's exercise of personal jurisdiction; pro se Plaintiff ha[d] failed to allege sufficient factual support for his contention that the Individual Defendants are subject to suit in Texas" [Dkts. 41 at 16]. The District Court adopted the report and recommendation, denying the First Motion to Dismiss and permitting Plaintiff to amend his complaint [Dkt. 43]. On September 17, 2018, Plaintiff filed his Amended Complaint, the live pleading [Dkt. 48].[1] The Individual Defendants subsequently filed the instant "Motion to Dismiss for Lack of Personal Jurisdiction" on October 1, 2018 ("Second Motion to Dismiss") [Dkt. 53]. The Court notes that the First Motion to Dismiss and the Second Motion to Dismiss are nearly identical save for section four of the Second Motion to Dismiss where the Individual Defendants address allegations made specifically in Plaintiff's Amended Complaint [compare Dkts. 17 and 53]. Plaintiff filed his Response in opposition to the Second Motion to Dismiss on October 29, 2018 [Dkt. 61].
The Amended Complaint
Plaintiff alleges in his Amended Complaint that CBC Conglomerate LLC ("CBC"), USFFC Inc. ("USFFC"), and the Individual Defendants "are liable for the calls placed on their behalf and for their benefit to the Plaintiff's cell phone 615-212-9191 offering unsolicited student loan consolidation services" [Dkt. 48 at 4]. Plaintiff asserts that CBC and USFFC are corporations operating in California and that the Individual Defendants, officers of CBC and USFFC, are residents of California [Dkt. 48 at 1-2]. Concerning the jurisdictional concerns of this action, Plaintiff avers that the:
Jurisdiction of this court arises as the defendants continuous and systematic contacts within the state of Texas in placing numerous phone calls to consumers in the state of Texas as part of a robocall marketing campaign in which numerous phone calls were made to consumers across the country. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 U.S.C. [§] 1331.
*476 Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state of Texas. The telephone calls which led to the violations of [sic] alleged here occurred in Texas. The Defendants made multiple unsolicited telephone calls to the Plaintiff and other Texas residents.
[Dkt. 48 at 2].
Different from Plaintiff's original Complaint, Plaintiff's Amended Complaint alleges specific "actions" taken by each of the Individual Defendants [Dkt. 48 at 8-12]. Plaintiff contends that, prior to the phone calls made at issue in this case, the Individual Defendants were aware that Plaintiff's phone number was 615-212-9191 and that "Plaintiff did not want to receive telemarketing calls relating to student loan consolidation as a result of [a 2015 Tennessee lawsuit to which Plaintiff and the Individual Defendants were parties]" [Dkt. 48 at 8-11].
As to each of the Individual Defendants specifically, Plaintiff asserts that Bruce Hood and Carey George Howe had control over CBC's operations and that they "directed Jay Singh to place automated calls with pre-recorded messages for [their] own profit and benefit" [Dkt. 48 at 9, 12]. Plaintiff does not allege that Bruce Hood or Carey George Howe personally made any phone calls. Plaintiff avers that Jay Singh controls and operates USFFC and that he "directed and knew that his corporation in name only USFC was placing illegal telemarketing calls to consumers" [Dkt. 48 at 9].
It is unclear whether Plaintiff asserts that Jay Singh personally placed any of the phone calls at issue in this case. Without specifically discussing the 73 phone calls Plaintiff alleges were made in violation of the TCPA, Plaintiff alleges that "Jay Singh continued to place illegal telemarketing calls for Bruce Hood and accept payment for the illegal telemarke[t]ing calls in 2017 and 2018 after getting sued by Plaintiff" [Dkt. 48 at 10]. Plaintiff then goes on to clarify that "Jay Singh directed employees he could fire, discipline, or control to place automated calls with pre-recorded messages for his own profit and benefit" [Dkt. 48 at 10]. Thus, Plaintiff's allegations demonstrate that Jay Singh directed the placement of phone calls within the corporate structure, and not that he personally dialed the offending phone calls.
LEGAL STANDARD
12(b)(2) Motion to Dismiss
Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. "After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that in personam jurisdiction exists." Lahman v. Nationwide Provider Sols. , No. 4:17-CV-00305, 2018 WL 3035916, at *4 (E.D. Tex. June 19, 2018) (Mazzant, J.) (citing Bullion v. Gillespie , 895 F.2d 213, 217 (5th Cir. 1990) (citing WNS, Inc. v. Farrow , 884 F.2d 200, 202 (5th Cir. 1989) ). "To satisfy that burden, the party seeking to invoke the court's jurisdiction must 'present sufficient facts as to make out only a prima facie case supporting jurisdiction,' if a court rules on a motion without an evidentiary hearing." Id. (quoting Alpine View Co. v. Atlas Copco AB , 205 F.3d 208, 215 (5th Cir. 2000) ). "When considering the motion to dismiss, '[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits.' " Id. (quoting Int'l Truck & Engine Corp. v. Quintana , 259 F.Supp.2d 553, 557 (N.D. Tex. 2003)
*477 (citing Wyatt v. Kaplan , 686 F.2d 276, 282-83 n.13 (5th Cir. 1982) ); accord Black v. Acme Mkts., Inc. , 564 F.2d 681, 683 n.3 (5th Cir. 1977). "Further, '[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a prima facie case exists.' " Id. (quoting Quintana , 259 F.Supp.2d at 557 (citing Jones v. Petty-Ray Geophysical Geosource, Inc. , 954 F.2d 1061, 1067 (5th Cir. 1992) ).
A court conducts a two-step inquiry when a defendant challenges personal jurisdiction: (1) "[f]irst, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant;" and (2) "second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution." Id. (citing Ham v. La Cienega Music Co. , 4 F.3d 413, 415 (5th Cir. 1993) ). "The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution;" accordingly, "the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees." Id. (citing Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc. , 963 F.2d 90, 93 (5th Cir. 1992) ; Bullion , 895 F.2d at 216 ). "The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state 'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " Id. (quoting Int'l Shoe Co. v. Washington , 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ). "Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction." Id. (citing Wilson v. Belin , 20 F.3d 644, 647 (5th Cir. 1994) ).
ANALYSIS
The Individual Defendants argue that the Court should dismiss Plaintiff's lawsuit against them because the Court lacks personal jurisdiction over each of the Individual Defendants [Dkt. 53 at 9]. Specifically, the Individual Defendants argue that the Court lacks general jurisdiction because "[e]ach of the Individual Defendants lacks the continuous and systematic jurisdictional contacts with the States of Texas to render [them] 'essentially at home' [in Texas]" [Dkt. 53 at 5-6]. Concerning specific jurisdiction, the Individual Defendants argue that Plaintiff is a "Tennessee resident with a Tennessee telephone number, and thus no conduct regarding telephone calls or other communications directed at him could have been directed to, or be jurisdictionally relevant to, Texas" [Dkt. 53 at 8].
In response, Plaintiff contends that:
Although the Defendants may be domiciled in California, they placed over 70 calls to the Plaintiff at 615-212-9191, the very same number that they called him on in 2015 that the Plaintiff sued them for in Cunningham v CBC Conglomerate, LLC 3:15-cv-00439 in the Middle District of Tennessee.
The Plaintiff was a resident of Texas for all calls alleged in this complaint and received most if not all calls while residing in and physically present in Texas.
* * *
Calling over 70 times telemarketing to a known individual that does not wish to receive those calls is more than sufficient to warrant an exercise of personal jurisdiction. The Plaintiff is not an out of state litigant, but received most if not every single call while residing in Texas.
*478 The Defendants were certainly on notice and the individual defendants personally took action... to stop the calls to the Plaintiff by their respective corporation. An exercise of personal jurisdiction is entirely reasonable.
[Dkt. 61 at 1-2]. Plaintiff has provided an affidavit attesting to the aforementioned [Dkt. 61-2].[2]
General Jurisdiction
When specifically addressing jurisdiction and venue, Plaintiff's Amended Complaint lumps the Individual Defendants and the corporation defendants together asserting that:
Jurisdiction of this court arises as the defendants continuous and systematic contacts within the state of Texas in placing numerous phone calls to consumers in the state of Texas as part of a robocall marketing campaign in which numerous phone calls were made to consumers across the country. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 U.S.C. [§] 1331.
Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state of Texas. The telephone calls which led to the violations of [sic] alleged here occurred in Texas. The Defendants made multiple unsolicited telephone calls to the Plaintiff and other Texas residents.
[Dkt. 48 at 2]. Although, Plaintiff's Response clarifies that he is alleging that "[t]his [C]ourt has specific jurisdiction over the [I]ndividual [D]efendants," [Dkt. 61 at 1], in an abundance of caution, the Court briefly addresses whether general jurisdiction exists over the Individual Defendants.
"General jurisdiction exists only when the defendant's contacts with the forum state are so " 'continuous and systematic' " as to render them essentially at home in the forum State." Lahman , 2018 WL 3035916, at *5 (quoting Daimler AG v. Bauman , 571 U.S. 117, 127, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown , 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) ); citing Cent. Freight Lines v. APA Transp. Corp. , 322 F.3d 376, 381 (5th Cir. 2003) (citing Helicopteros , 466 U.S. at 414 n.8, 104 S.Ct. 1868 ) ). "Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum." Id. (citing Johnston v. Multidata Sys. Int'l Corp. , 523 F.3d 602, 609 (5th Cir. 2008) ). "[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." Id. (quoting Johnston , 523 F.3d at 609 (citing Gardemal v. Westin Hotel Co. , 186 F.3d 588, 596 (5th Cir. 1999) ) ). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." Arrow Elecs., Inc. v. Fireracker, LLC , No. 4:17-CV-00895, 2018 WL 1761883, at *2 (E.D. Tex. Apr. 12, 2018) (Mazzant, J.) (quoting Daimler , 571 U.S. at 127, 134 S.Ct. 746 (citing Goodyear , 564 U.S. at 919, 131 S.Ct. 2846 ) ); see also Clement Grp., LLC v. ETD Servs., LLC. , No. 4:16-CV-00773, 2017 WL 2972877, at *3 (E.D. Tex. July 12, 2017) (Mazzant, J.) (same);
*479 Yasinosky v. River Oaks Farms Inc. , No. 4:17-CV-214-A, 2017 WL 2709736, at *2 (N.D. Tex. June 22, 2017) (same).
In Plaintiff's Amended Complaint, Plaintiff alleges that the Court has general personal jurisdiction over the Individual Defendants and the corporation defendants, collectively, due to their "continuous and systematic contacts within the [S]tate of Texas in placing numerous phone calls to consumers in the [S]tate of Texas as part of a robocall marketing campaign in which numerous phone calls were made to consumers across the country" [Dkt. 48 at 2]. This is insufficient to demonstrate that any of the Individual Defendants have the continuous and systematic contacts with the State of Texas required for general personal jurisdiction. It is undisputed that the Individual Defendants are each domiciled in California; moreover, no other statement can be found in Plaintiff's pleadings regarding general jurisdiction. Further, Plaintiff's Response urges only the application of specific personal jurisdiction [Dkt. 61 at 1]. The Court finds that Plaintiff has not established that any of the Individual Defendants could be considered "at home" in Texas. Accordingly, the Court may not exercise general personal jurisdiction over any of the Individual Defendants.
Specific Jurisdiction
"Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state." Lahman , 2018 WL 3035916, at *5 (citing Helicopteros , 466 U.S. at 414 n. 8, 104 S.Ct. 1868 ). "For the Court to exercise specific jurisdiction, the Court must determine[:] '(1) whether the defendant has... purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.' " Id. (quoting Nuovo Pignone, SpA v. STORMAN ASIA M/V , 310 F.3d 374, 378 (5th Cir. 2002) (citing Burger King Corp. v. Rudzewicz , 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ) ). "Defendants who " 'reach out beyond one state" and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions.' " Id. (quoting Burger King Corp. , 471 U.S. at 475, 105 S.Ct. 2174 (citing Travelers Health Assoc. v. Virginia , 339 U.S. 643, 647, 70 S.Ct. 927, 94 L.Ed. 1154 (1950) ) ). "Establishing a defendant's minimum contacts with the forum state requires contacts that are more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person.' " Id. (quoting Burger King Corp. , 471 U.S. at 475, 105 S.Ct. 2174 ).
The undersigned's report and recommendation denying the Individual Defendants' First Motion to Dismiss indicated that:
Plaintiff's allegations, at present, fail to demonstrate any individualized conduct taken in the forum state by any of the Individual Defendants. Instead, Plaintiff's [original Complaint] lump[s] all the named defendants, corporate and individual, together without any allegations of individualized conduct. Jurisdiction over the Individual Defendants cannot be predicated upon jurisdiction over CBC or USFFC. Plaintiff fails to allege what acts each Individual Defendant engaged in; he fails to plead the Individual Defendants personal involvement or knowledge of the alleged calls, merely blanketly asserting each Individual Defendant is subject to personal jurisdiction because they (collectively) "purposefully *480 directed 73 calls to the Plaintiff's cell phone while the Plaintiff lived in Texas and those 73 calls are the activities from which the Plaintiff's injury and claims arise from" [Dkt. 27 at 2].
[Dkt. 41 at 13].
Plaintiff's Amended Complaint attempts to resolve the problems of the original Complaint by creating new sections entitled "Actions by Bruce Hood" [Dkt. 48 at 8-9], "Actions by Jay Singh" [Dkt. 48 at 9-10], and "Actions by Carey George Howe" [Dkt. 48 at 10-12]. Plaintiff's Amended Complaint alleges that the Individual Defendants, who Plaintiff identifies as various officers of the corporate defendants, "are liable for the calls placed on their behalf and for their benefit to the Plaintiff's cell phone [ ] offering unsolicited student loan consolidation services" [Dkt. 48 at 4]. Plaintiff asserts that the Individual Defendants knew Plaintiff did not want to receive telemarketing phone calls and knew that Plaintiff's phone number was 615-212-9191 [Dkt. 48 at 8-12]. Plaintiff contends that Bruce Hood and Carey George Howe, as officers of CBC, "directed Jay Singh to place automated calls with pre-recorded messages for [their] own profit and benefit" [Dkt. 48 at 9, 12]. As discussed supra , Plaintiff's Amended Complaint asserts that "Jay Singh directed and knew that his corporation... was placing illegal telemarketing calls to consumers" [Dkt. 48 at 9] and that "Jay Singh directed employees he could fire, discipline, or control to place automated calls with pre-recorded messages for his own profit and benefit" [Dkt. 48 at 10].[3]
The Individual Defendants argue that Plaintiff cannot establish specific jurisdiction over them because Plaintiff's Amended Complaint "fails to state any facts showing that the Individual Defendants purposefully directed any conduct toward Texas," namely because "Plaintiff is a Tennessee resident with a Tennessee telephone number, and thus no conduct regarding telephone calls or other communications directed at him could have been directed to, or be jurisdictionally relevant to, Texas" [Dkt. 53 at 8]. Plaintiff responds that he was actually living in Plano, Texas, and was present in and around Plano, Texas, at the time of the alleged calls, and that the Individual Defendants are subject to specific personal jurisdiction because the Individual Defendants directed the offending phone calls to Plaintiff's phone number and each "had prior, personal knowledge that if they dialed 615-212-9191 that they were going to reach [Plaintiff]" [Dkt. 61 at 3].
Random, Fortuitous, or Attenuated Contact with the Forum State
Specific personal jurisdiction exists "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co. , 517 F.3d 235, 243 (5th Cir. 2008) (internal quotation marks omitted) (emphasis added). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."
*481 Goodyear Dunlop Tires Operations, S.A. v. Brown , 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) (quotations omitted).
Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." Monkton Ins. Servs. v. Ritter , 768 F.3d 429, 432-33 (5th Cir. 2014). "[T]he plaintiff's own contacts with the forum [cannot] be used to demonstrate contacts by the defendant." Sangha v. Navig8 ShipManagement Private Limited , 882 F.3d 96, 103 (5th Cir. 2018) (citing Walden v. Fiore , 571 U.S. 277, 284, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.") ). "[T]he plaintiff cannot be the only link between the defendant and the forum." Walden , 571 U.S. at 285, 134 S.Ct. 1115. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." Id. at 286, 134 S.Ct. 1115 (citing Burger King Corp. v. Rudzewicz , 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
Plaintiff's presence in and around Plano, Texas is a consequence of Plaintiff's relationship with the forum and not any action that the Individual Defendants took to establish contacts with the forum. See Sangha , 882 F.3d at 103-04 (finding that non-resident defendant did not have sufficient contact with the forum state where it sent email communications to plaintiff while plaintiff was in Texas and the email communications concerned work to be performed in Texas). Further, even assuming that the Individual Defendants knew Plaintiff's residence was in Texas-which the Individual Defendants dispute; indeed, the Individual Defendants assert that Plaintiff is a resident of Tennessee [Dkt. 53 at 8]-"knowledge of [Plaintiff's] residence, alone, does not create a prima facie case for personal jurisdiction." Cunningham v. Nationwide Security Solutions, Inc. , No. 3:17-cv-337-S-BN, 2018 WL 4575005, at * 14 (N.D. Tex. Aug. 31, 2018) ; see also Tornado Bus Co. v. Bus & Coach America Corp. , 2014 WL 7333873, at *4 (N.D. Tex. Dec. 23, 2014) (courts are reluctant to find jurisdiction based only on emails and phone calls because reliance on telephone calls and email can no longer reliably prove purposeful availment, given the fact that technology now permits an individual anywhere in the world to be reached by a single telephone number or a single email address.") (internal quotations omitted).
Plaintiff asserts that the Individual Defendants knew that Plaintiff did not want to be contacted with telemarketing phone calls [Dkt. 48 at 8-12] and that calling 615-212-9191 phone number would result in reaching Plaintiff [Dkt. 61 at 3]; however, Plaintiff fails to assert what actions-if any-the Individual Defendants personally took that were directed to the State of Texas.[4]
Insufficient Allegations
Moreover, Plaintiff's conclusory allegations purporting to expound on the actions of the Individual Defendants are insufficient to establish personal jurisdiction over the Individual Defendants. See Panda Brandywine Corp. v. Potomac Elec. Power Co. , 253 F.3d 865, 868-69 (5th Cir. 2001)
*482 (holding that conclusory allegations that defendant knew plaintiff was a Texas resident and knew its actions would intentionally cause harm to plaintiff in Texas was insufficient to establish specific jurisdiction over defendant). Plaintiff has made substantially similar allegations in at least two other lawsuits involving different defendants, i.e., that individual defendants in their capacity as the officers of the corporate defendants directly participated, authorized and/or oversaw calls placed to Plaintiff's phone while he resided in the forum state. See Cunningham v. Local Lighthouse Corp. , 3:16-CV-02284, 2017 WL 4053759, at *1 (M.D. Tenn. Aug. 7, 2017), report and recommendation adopted , 3:16-CV-02284, 2017 WL 4022996 (M.D. Tenn. Sept. 13, 2017) ; Cunningham v. Rapid Response Monitoring Services, Inc. , 251 F.Supp.3d 1187, 1208 (M.D. Tenn. 2017). In both cases, the courts, considering allegations on par with those alleged here, found such allegations insufficient to establish specific personal jurisdiction over the individual officers named in the complaint.[5]
In Local Lighthouse , the court found:
Cunningham does not argue that Defendants themselves made any telephone calls to Tennessee. Instead, he argues that Defendants, in their roles as corporate officers, caused those telephone calls to be made and did not make efforts to ensure they were made in compliance with the TCPA....It is well-settled, however, that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." Personal jurisdiction must be established based upon corporate officers' individual acts on behalf of the corporation.... While he broadly alleges that Defendants "had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made," Cunningham does not make these allegations with the "reasonable particularity" required to support a prima facie showing of personal jurisdiction.
2017 WL 4053759, at *3-4 (internal citations omitted). Similarly, in Rapid Response Monitoring , the court concluded "even when viewed in the light most favorable to Plaintiff, the allegations of his Second Amended Complaint do not support a finding of personal jurisdiction over the Individual Defendants," namely because "jurisdiction over individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." 251 F.Supp.3d at 1209.[6]
*483 To establish personal jurisdiction over the Individual Defendants, Plaintiff's Amended Complaint and Response to the Second Motion to Dismiss argue that the Individual Defendants knew Plaintiff's phone number, knew Plaintiff did not want to receive telemarketing calls, and yet the Individual Defendants called Plaintiff anyway [Dkts. 48 at 8-12; 61 at 2]. Plaintiff's Amended Complaint additionally discusses contracts executed between and among the Individual Defendants [Dkt. 48 at 8-12]. However, what Plaintiff's Amended Complaint still fails to indicate is how the Individual Defendants took action directed to the forum state. Plaintiff's allegations that the Individual Defendants knew Plaintiff did not want to receive telemarketing phone calls because of litigation in Tennessee while Plaintiff was a Tennessee resident does not indicate how the Individual Defendants directed actions towards Texas or took specific, individual action within Texas.
Moreover, the other actions asserted to have been performed by the Individual Defendants are insufficient to establish personal jurisdiction; namely directing or controlling employees and the execution of contracts between and amongst the corporations; and thus, cannot establish personal jurisdiction over the Individual Defendants either. See Nat'l Architectural Products Co. v. Atlas-Telecom Services-USA, Inc. , Civil Action No. 3:06-cv-0751-G, 2007 WL 2051125, at *7 (N.D. Tex. July 13, 2007) (holding that corporate officer defendant was not subject to specific personal jurisdiction because "these is no indication that [defendant] had any direct contact with plaintiff, in Texas or any other state...[t]o the extent that the claims against [defendant] relate to Texas, they do so only through the 'mere fortuity' that [plaintiff] happens to be a resident of Texas."); see also Evergreen Media Holdings, LLC v. Safran Co. , 68 F.Supp.3d 664, 678 (S.D. Tex. 2014) (holding that defendants were not subject "to specific personal jurisdiction in Texas because the only connection this case has to Texas is that Plaintiffs reside here").
Further "[a]n individual's status as an officer, director, or majority shareholder of a corporation alone is insufficient to support the exercise of personal jurisdiction." ACS Partners, LLC v. GFI Management Services, Inc. , Civil Action No. H-15-1111, 2015 WL 9319235, at *2 (S.D. Tex. Dec. 23, 2015). To the extent Plaintiff attempts to pierce the corporate veil and/or establish an alter ego theory by alleging the corporation defendants are a corporation "in name only" or are "single member" entities [Dkt. 48 at 9], such allegations are insufficient to establish an alter ego theory to pierce the corporate veil and establish personal jurisdiction over the Individual Defendants. See Del Castillo v. PMI Holdings N. Am. Inc. , 4:14-CV-03435, 2016 WL 3745953, at *12 (S.D. Tex. July 13, 2016) ("Plaintiffs' pleadings are not sufficient to establish alter ego, whether between PMI Comercio and PMI Services or any of the other PMI Group entities, because Plaintiffs provide nothing more than bald assertions and conclusory allegations of an alter ego relationship."); see also Bell v. Moawad Group, LLC , A-17-CA-00073-SS, 2017 WL 2841679, at *6-7 (W.D. Tex. June 30, 2017) ("the Court cannot conclude Bell's minimal factual allegations and conclusory assertions are sufficient *484 to show the Moawad Group is a façade for Bell's interests and activities.").
In sum, Plaintiff's allegations and evidence fail to demonstrate "a cause of action that grows out of or relates to a contact between the [Individual Defendants] and the forum state." Lahman v. Nationwide Provider Sols. , No. 4:17-CV-00305, 2018 WL 3035916, at *5 (E.D. Tex. June 19, 2018). Accordingly, the Court may not exercise specific personal jurisdiction over Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh.[7]
CONCLUSION AND RECOMMENDATION
Based on the foregoing, the Court recommends that Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. 53] be GRANTED . Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh should be dismissed from the lawsuit. Defendants CBC Conglomerate, LLC and USFFC, Inc. remain.
Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.
Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United Services Automobile Ass'n , 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds , 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).
SIGNED this 4th day of January, 2019.

Plaintiff's Amended Complaint is properly before the Court [see Dkt. 56].

Plaintiff additionally attaches, in support of his Response, a copy of Plaintiff's Amended Complaint in the aforementioned 2015 Tennessee Lawsuit [Dkt. 61-1] and a copy of a screenshot, which Plaintiff purports reflects account notes from CBC regarding Plaintiff's phone number [Dkt. 61-3].

The Court notes that Plaintiff provides a table documenting the 73 phone calls he alleges are in violation of the TCPA and provides details such as the date, time, calling number, duration of the call, and whether the call was inbound or outbound [Dkt. 48 at 5-6]. However, Plaintiff does not provide the name of the caller, nor does his Amended Complaint link any of the phone numbers listed as incoming calls to any of the Individual Defendants personally. In reference to the table, Plaintiff simply alleges that "a minimum of 73 calls [ ] were made by the Defendants" [Dkt. 48 at 4].

Furthermore, Plaintiff's first lawsuit against the Individual Defendants was brought in Tennessee while Plaintiff was still living in Tennessee; therefore, the first lawsuit would not and could not give the Individual Defendants notice that Plaintiff is now living in Texas and is a Texas resident.

The Court notes that under both the Texas and Tennessee long arm statutes, "the court need only determine whether exercising personal jurisdiction violates constitutional due process." Local Lighthouse Corp. , 2017 WL 4053759, at *2 ("Because Tennessee's long-arm statute has been interpreted to reach the highest limit of federal due process, 'the court need only determine whether exercising personal jurisdiction violates constitutional due process.' ") (quoting Bridgeport Music, Inc. v. Still N The Water Publ'g , 327 F.3d 472, 477 (6th Cir. 2003) ), compare with Lahman , 2018 WL 3035916, at *4 ("The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution;" accordingly, "the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees.").

In Local Lighthouse and Rapid Response , the defendants provided affidavit evidence that they were not subject to the court's personal jurisdiction. In the instant case, the Individual Defendants have not produced any similar evidence. However, notwithstanding, because the Individual Defendants have filed a motion pursuant to Rule 12(b)(2), Plaintiff must now establish that personal jurisdiction over the Individual Defendants exists in this matter. Lahman , 2018 WL 3035916, at *4 ("After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that in personam jurisdiction exists.") (citing Bullion , 895 F.2d at 217 (citing WNS , 884 F.2d at 202 ) ). In responding to a motion to dismiss, "the plaintiff cannot stand on its pleadings, but must, through affidavit or otherwise set forth specific facts demonstrating the Court has jurisdiction." Quilling v. Stark , 2006 WL 1683442 (N.D. Tex. Aug. 16, 2006).

Plaintiff has already been given opportunity to amend his Complaint and was specifically directed to address the personal jurisdiction issues surrounding the Individual Defendants [see Dkts. 41; 43]. The Court also notes that Plaintiff's "Second Motion to Compel Discovery and Motion for Sanctions and Motion for Contempt" [Dkt. 75] does not attempt to reach the issues of the Individual Defendants' personal jurisdiction either. None of the discovery requests at issue are related to the Individual Defendants' contacts with Texas, nor any of the discovery requests directed at establishing whether the Individual Defendants had reason to know Plaintiff was a Texas resident or that Defendants knew that their phone calls were being received in Texas. As such, the Court does not believe that positive responses to Plaintiff's discovery requests would have any impact this decision, nor has Plaintiff raised such argument.